such cases by such agency is inconsistent with the corresponding provision of this subchapter or has received a construction inconsistent therewith."

No suggestion has been made that the Act of 1947 explicitly states the jurisdiction of the Board to be exclusive. The question then is brought forward as to whether the phrase contained in the National Labor Relations Act, "This power shall be exclusive", was omitted to give the Courts concurrent jurisdiction of all causes of action having to do with labor relations or merely to give to the Courts the limited jurisdiction outlined in the Act of 1947. The conclusion here arrived at is that Courts have not by the Act of 1947 been given concurrent jurisdiction, but only that jurisdiction explicitly provided for in the latter act. Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 1948, 167 F.2d 183, 185; International Longshoremen's and Warehousemen's Union v. Sunset Line & Twine Co., D.C., 1948, 77 F. Supp. 119; Schatte v. International Alliance, 9 Cir., 1950, 182 F.2d 158, certiorari denied, 340 U.S. 827, 71 S.Ct. 64, 95 L.Ed. 608; Ryan v. Simons, 1950, 277 App.Div. 100, 100 N.Y.S.2d 18, affirmed by the New York Court of Appeals, 302 N.Y. 742, 98 N.E.2d 707. Juneau Spruce Corporation v. International Longshoremen's & Warehousemen's Union, D. C., 1949, 83 F.Supp. 224, 12 Alaska 260, affirmed 9 Cir., 189 F.2d 177, does not bear on question here presented.

By reason only of lack of jurisdiction in this Court, the action must be dismissed.

Claude L. Dawson, Washington, D. C., for plaintiff.

Joseph Kovner, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

Plaintiff, Joseph L. Watson, seeks judgment of this Court declaring that he was unlawfully discharged as a Civil Service employee of defendant. He further requests that he be restored to service with accrued salary. It is conceded that all procedural requirements of the law were met as to notice and hearing. However, plaintiff asserts that there is no evidence justifying his discharge and that therefore the action discharging him was arbitrary and capricious.

**WATSON v. PACE, Secretary of Army.**

**C. A. No. 4670–49.**

United States District Court
District of Columbia.

Dec. 3, 1951.

■ I do not believe that plaintiff's contention is well taken. Plaintiff held the position of Civilian Personnel Officer and Executive Secretary of the Civil Service Board of Examiners. He was charged with violations of certain established rules and procedures relating to the performance of his duties in those positions. The most that can be said for his contention in this case is that the issue of fact whether he violated the rules was decided adversely to him by the administrative officials.

There is no evidence that these officials did not act in good faith, or were motivated by malice, or did not honestly exercise their judgment that plaintiff had violated the rules. To the contrary, the record clearly justifies the conclusion that the officers acted in good faith in concluding that plaintiff's discharge would promote the efficiency of the service because of the rule violations.

■ The determination whether or not a person's discharge would promote the efficiency of the Government service is vested in the administrative officer and no Court has power to review his action if that action was taken in good faith. Gadsden v. United States, 78 F.Supp. 126, 111 ct. cl. 487; Carter v. Forrestal, 85 U.S.App.D.C. 53, 175 F.2d 364; Levine v. Farley, 70 App. D.C. 381, 107 F.2d 186; Eberlein v. United States, 1921, 257 U.S. 82, 45 S.Ct. 12, 66 L. Ed. 140.

Findings of Fact and Conclusions of Law may be drawn in conformance with this opinion.

**KASTEN & CO., Inc. v. KRAMER BROS. FREIGHT LINES, Inc.**

**KRAMER BROS. FREIGHT LINES, Inc. et al. v. KASTEN & CO.**

Civ. Nos. 7374, 7445.

United States District Court
W. D. Pennsylvania.

Dec. 21, 1951.