**BLACKMON v. LEE, Deputy Administrator, Civil Aeronautics Administration, et al.**

**No. 11590.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 20, 1953.

Decided May 14, 1953.

See also 12 F.R.D. 411.

Mr. Claude L. Dawson, Washington, D. C., for appellant.

Mr. Oliver C. Biddle, Atty., Department of Justice, of the bar of the Supreme Court of New York, pro hac vice, by special leave of Court, with whom Mr. Charles M. Irelan, U. S. Atty. at the time the brief was filed, and Messrs. Edward H. Hickey and Joseph Kovner, Attys., Department of Justice, were on the brief, for appellees. Messrs. William R. Glendon, Asst. U. S. Atty., Joseph M. Howard, Asst. U. S. Atty. at the time the record was filed, and William E. Kirk, Jr., Asst. U. S. Atty. at the time the brief was filed, also entered appearances for appellees.

Before PROCTOR, BAZELON and FAHY, Circuit Judges.

FAHY, Circuit Judge.

The appellant, plaintiff in the District Court, sought a declaratory judgment that his removal from a civilian position in the Civil Aeronautics Administration, Department of Commerce, violated his rights as a veteran's preference eligible, and restoration to his proper position. The appellees in this court, defendants below, are departmental officials and members of the Civil Service Commission. They answered and also filed affidavits which, with the complaint itself, give in full the proceedings eventuating in appellant's removal. No counter affidavit was filed and on motions of both appellant and appellees for summary judgment the court granted the motion of appellees and dismissed the complaint.

▮ Concededly appellant was a veteran's preference eligible. The removal proceedings therefore must be shown to have conformed with the provisions of Section 14 of the Veterans' Preference Act, set forth in pertinent part in the margin.[1] From the

---

1. "No permanent or indefinite preference eligible * * * shall be discharged * * * except for such cause as will promote the efficiency of the service and for reasons given in writing, and the person whose discharge * * * is sought shall have at least thirty days' advance written notice * * * stating any and all reasons, specifically and in detail, for any such proposed action; such prefer- ence eligible shall be allowed a reasonable time for answering the same personally and in writing, and for furnishing affidavits in support of such answer, and shall have the right to appeal to the Civil Service Commission from an adverse decision of the administrative officer so acting, such appeal to be made in writing within a reasonable length of time after the date of receipt of notice of

complaint, answer and affidavits it clearly appears that the reasons for the proposed separation were given in writing, specifically and in detail, appellant was allowed a reasonable time for answering personally and in writing and for furnishing affidavits in support of such answer, he availed himself of the right to answer, the administrative officer thereafter notified him of his removal, stating that the answer had been considered and was not deemed satisfactory, appeal was taken to the Civil Service Commission, being filed with the acting chief law officer, who after hearing affirmed the removal decision, appeal to the Board of Appeals and Review of the Civil Service Commission followed, with like result, and appellant then appealed to the full Board of the Civil Service Commissioners who also considered the case and reached the same conclusion. The procedural requirements of Section 14 were complied with during the appeal proceedings, which included extensive hearings.

Appellant's principal contention is that nevertheless the proceedings were fatally defective in that under Section 14 he could be discharged only "for such cause as will promote the efficiency of the service" and the original decision of removal did not include an explicit finding to that effect. The facts relevant to this contention are that the proposed reasons furnished in detail to appellant stated that his activities had impaired the efficient operation of the agency as a whole, he was advised that the reasons constitute "notification of proposed adverse action as required by Sec-

tion 14 of the Veterans' Preference Act of 1944, as amended", that he could answer personally and in writing and furnish affidavits in support of his answer, and that "In the event that your answer is not satisfactory * * * you will be removed from the service or other appropriate action will be taken". Thereafter he was formally notified of his removal by a document which stated that his answer had been considered and was not deemed satisfactory. On appeal the acting chief law officer of the Civil Service Commission, after hearings, ruled that the dismissal "was for such cause as will promote the efficiency of the service as provided in Section 14 of the Veterans' Preference Act of 1944, as amended". On further appeal the Civil Service Commission, upon consideration of the entire record, including further hearings before its Board of Appeals and Review, affirmed the decision of the acting chief law officer and also found that the separation was in the interest of promoting the efficiency of the service. Though all question might have been eliminated by more precision in the original notification of removal we think the foregoing demonstrates that the procedures which were followed complied in all substance with Section 14.

We do not discuss the merits of the removal except to say that under the limited judicial review permissible the District Court properly did not disturb the departmental decision. See Powell v. Brannan, 1952, 91 U.S.App.D.C. 16, 196 F.2d 871.[2] See, also, Watson v. Pace,

such adverse decision: *Provided*, That such preference eligible shall have the right to make a personal appearance, or an appearance through a designated representative, in accordance with such reasonable rules and regulations as may be issued by the Civil Service Commission; after investigation and consideration of the evidence submitted, the Civil Service Commission shall submit its findings and recommendations to the proper administrative officer and shall send copies of the same to the appellant or to his designated representative, and it shall be mandatory for such administrative officer to take such corrective action as the Commission finally recommends * * *." Section 14, 58 Stat. 390

(1944), as amended, 61 Stat. 723 (1947), 5 U.S.C.A. § 863.

The result we reach would be no different under the provisions of 37 Stat. 555 (1912), as amended, 62 Stat. 354 (1948), 5 U.S.C.A. § 652.

2. " * * * Where there has been a substantial departure from applicable procedures, a misconstruction of governing legislation, or like error going to the heart of the administrative determination, a measure of judicial relief may on occasion be obtainable. But no such basis for relief has here been laid." 91 U.S. App.D.C. at page 17, 196 F.2d at page 873.

1953, 92 U.S.App.D.C. ——, 201 F.2d 713, adopting the opinion of District Judge Youngdahl reported at 101 F.Supp. 477 (D.C.D.C.1951).

We have considered other questions raised and find no reason to disagree with the judgment below.

Affirmed.