Genie A. KEYTON, Appellant,

v.

Robert B. ANDERSON, Secretary of the Department of the Navy, Appellee.

No. 12737.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 22, 1955.

Decided Jan. 19, 1956.

Mr. Charles E. Hewes, Washington, D. C., for appellant.

Mr. Carl W. Belcher, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis Carroll and Joseph A. Rafferty, Jr., Asst. U. S. Attys., were on the brief for appellee.

Before PRETTYMAN, DANAHER and BASTIAN, Circuit Judges.

## PER CURIAM.

Appellant was a classified civil service employee of the Department of the Navy who was removed from her position following extensive administrative hearings. Her complaint in the District Court was dismissed for failure to state a claim upon which relief may be granted.

The record on this appeal shows that after disciplinary action had been taken in repeated instances over a period of some eighteen months, appellant, on January 6, 1953, wrote a letter to her superiors, and a second letter on January 24, 1953, in both of which she complained of treatment accorded her. Because the first letter was temporarily lost or misfiled, the second letter was made necessary, she says, and constitutes a "grievance" within Navy Regulations. With great earnestness and obvious fidelity to appellant's cause, her counsel has pressed us to reverse the District Court's judgment on the ground that the regulations prohibit the removal of employees for the filing of a grievance.

 The notice of proposed removal in specific detail outlined the charges against appellant. It is clear to us that the Chief of the Bureau of Supplies and Accounts was not proceeding against appellant simply because of her writing the January 24, 1953, letter. The Removal Advisory Hearing Board expressly noted that her letter was "acceptable procedure" in accordance with provisions of Naval Civilian Personnel Instruction 80. Rather, she became vulnerable, a reading of the notice discloses, because the letter contained certain "false and unfounded charges and statements which slandered and defamed, and it reflected unfavorably upon [her immediate superior's] integrity, motives and efficiency." In addition the notice specified the dates and the nature of various other grounds for disciplinary action which the proposed action takes into consideration.

In the hearings, appellant presented witnesses and was represented by counsel. The Hearing Board issued a report with findings and recommendations, and found that the charges against appellant were in part sustained. The Removal Advisory Hearing Board having unanimously affirmed, an appeal was thereafter taken to and denied by the Secretary of the Navy, who also denied a later request for reconsideration.

Appellant's cause was fully presented and thoroughly considered. Even treating the January 24, 1953, letter as a grievance, as appellant urges, we must observe that the right to file a grievance does not carry with it the privilege of including false and unfounded charges, defamatory in nature.

Since we find that no procedural rights of the appellant have been denied, and since it has been administratively determined that the various charges constituted grounds for removal, our function is exhausted.[1]

Affirmed.

---

1. Carter v. Forrestal, 1949, 85 U.S.App. D.C. 53, 175 F.2d 364, certiorari denied, 1949, 338 U.S. 832, 70 S.Ct. 47, 94 L. Ed. 507.