Newell M. **HARGETT**, Appellant,

v.

Arthur E. **SUMMERFIELD** et al., Appellees.

No. 13169.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 5, 1956.

Decided March 21, 1957.

Mr. John R. Foley, Washington, D. C., for appellant.

Mr. Milton Eisenberg, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll, Asst. U. S. Atty., and Robert L. Toomey, Asst. U. S. Atty., at the time brief was filed, were on the brief, for appellees. Mr. Leo A. Rover, U. S. Atty., at the time record was filed, and Mr. Frank H. Strickler, Asst. U. S. Atty. at the time record was filed, also entered appearances for appellees.

Before FAHY, WASHINGTON and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

Appellant filed suit in the United States District Court asking that appellees be enjoined from removing him from his position as postmaster of the first class at Maysville, Kentucky, and that the removal action and decision against him be declared unlawful and void.

Letters of charges were filed by the Post Office Department against appellant, who is a Veterans' Preference eligible. To these charges he made a timely reply and, thereafter, he was ordered removed from his position. He appealed to the Sixth Regional Office of the Civil Service Commission, which, after hearing, affirmed the action of the Post Office Department. On further appeal to the Civil Service Commission, the decision of the regional office was affirmed. This civil action was then filed and, on motion of appellees, summary judgment was entered in their favor.

In this court appellant raises two points: First, he says that only the President can remove a postmaster of the first class appointed by the President and confirmed by the Senate, and that, since the President has not par-

ticipated in or ratified his removal, such action was therefore void. Secondly, he contends that the judicial review provisions of the Administrative Procedure Act[1] permit the courts to review administrative determinations in employee removal proceedings on the substantive merits.

■ As to the first contention: it is true that postmasters of the first class are appointed by the President. Previously it was provided by statutes that postmasters of the first, second and third classes were to be appointed by the President and were to hold office for four years, unless sooner removed or suspended by the President. The present statute, 39 U.S.C.A. § 31a, provides that postmasters of the first, second and third classes are to be appointed in the *classified* service, without term, by the President, by and with the advice and consent of the Senate. It was provided also that the Veterans' Preference Act, 5 U.S.C.A. § 851–869, should apply to such appointments. Therefore appellant is removable in accordance with the same procedures as any other classified civil service employee and Veterans' Preference eligible. The record is clear that appellant was accorded all of the procedural protection provided by the applicable statutes.

■ While it may technically be true that only the President has power to remove a postmaster, since the power to remove is incident to the power to appoint, Burnap v. United States, 1919, 252 U.S. 512, 519, 40 S.Ct. 374, 64 L.Ed. 692, the act of the Postmaster General here will be presumed to be the act of the President. United States v. Farden, 1878, 9 Otto 10, 19, 99 U.S. 10, 19, 25 L.Ed. 267; The Confiscation Cases, 1873, 20 Wall. 92, 109, 87 U.S. 92, 109, 22 L.Ed. 320. The decision in Myers v. United States, 1926, 272 U.S. 52, 47 S.Ct. 21, 71 L.Ed. 160, principally relied upon by appellant, affords him no support. In

that case the President removed the postmaster. The Court sustained his right to do so without the advice and consent of the Senate to the removal.

We turn now to appellant's second contention, namely, with regard to the alleged effect of the judicial review provisions of the Administrative Procedure Act in civil service cases. That Act provides:

> "Except so far as * * * agency action is by law committed to agency discretion * * * [a]ny person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof." 5 U.S.C.A. § 1009(a).

The question, whether removal of executive agency employees is a matter "by law committed to agency discretion", must therefore be considered at the outset.

The Supreme Court, in Keim v. United States, 1900, 177 U.S. 290, 20 S. Ct. 574, 576, 44 L.Ed. 774, considered whether or not the courts may supervise the acts of an executive department head in discharging an employee. The Court's decision in that case clearly placed the removal of executive department employees within the ambit of executive discretion, and ruled that until Congress, by "special and direct legislation makes provision to the contrary", the courts could not review the soundness or propriety of the exercise of the department head's discretion.

In United States ex rel. Taylor v. Taft, 1904, 24 App.D.C. 95, 98, this court pointed out:

> "The question of fitness, capacity, attention to the duties of an officer, is necessarily to be determined by the heads of the departments; this determination is only arrived at by

1. 5 U.S.C.A. §§ 1001–1011.

the exercise of discretion and judg-ment * * *."

■ These cases and others of similar import, decided both before and after the passage of the Administrative Procedure Act in 1946, make it clear that employee removal and discipline are almost entirely matters of executive agency discretion, and that judicial review of such actions is ordinarily available only to determine if there has been substantial compliance with the pertinent statutory procedures provided by Congress and no misconstruction of governing legislation. This has resulted in an unbroken line of authorities holding that, so long as there was substantial compliance with applicable procedures and statutes, the administrative determination was not reviewable as to the wisdom or good judgment of the department head in exercising his discretion. See, inter alia, Keyton v. Anderson, 1956, 97 U.S.App.D.C. 178, 229 F.2d 519; Williams v. Cravens, 1954, 93 U.S.App.D.C. 380, 210 F.2d 874, certiorari denied Williams v. Robbins, 348 U.S. 819, 75 S.Ct. 30, 99 L.Ed. 646; Kohlberg v. Gray, 1953, 93 U.S.App.D.C. 97, 207 F.2d 35, certiorari denied 346 U.S. 937, 74 S.Ct. 377, 98 L.Ed. 425; Blackmon v. Lee, 1953, 92 U.S.App.D.C. 268, 205 F.2d 13; Powell v. Brannan, 1952, 91 U.S. App.D.C. 16, 196 F.2d 871; Carter v. Forrestal, 1949, 85 U.S.App.D.C. 53, 175 F.2d 364, certiorari denied 338 U.S. 832, 70 S.Ct. 47, 94 L.Ed. 507.

■ Limited as to scope of review by the decisions cited above, we have examined all the points and arguments urged by appellant. Here there was clearly an adequate basis for the exercise of discretion, and that discretion was exercised. We find no error or failure to comply with applicable statutory procedures, or other error cognizable within the scope of permissible review.

Affirmed.