**A. Lincoln GREEN, Appellant,**

**v.**

**J. Stanley BAUGHMAN, President, Federal National Mortgage Association, et al., Appellees.**

**No. 13500.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 17, 1956.

Decided Jan. 31, 1957.

Petition for Rehearing In Banc Denied March 25, 1957.

5. Delta Air Lines v. Civil Aeronautics Board, 97 U.S.App.D.C. 46, 228 F.2d 17 (D.C. Cir., 1955).

Mr. A. Lincoln Green, appellant, pro se.

Mr. William P. Arnold, Atty., Department of Justice, with whom Asst. Atty. Gen. George Cochran Doub, Mr. Oliver Gasch, U. S. Atty. and Mr. Paul A. Sweeney, Atty., Department of Justice, were on the brief, for appellees.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

This controversy is here for the third time. Upon the first appeal we held [1] that Green had not exhausted his administrative remedies. Upon the second appeal we held [2] that the charges upon which the dismissal rested were sufficiently specific. The present appeal is from a summary judgment granted appellees Baughman, et al., by the District Court.

Green was an attorney with the Federal National Mortgage Association, a corporate agency of the United States. He was a veteran preference eligible. In July, 1952, he was served with a statement of charges and a notice of proposed discharge. He replied at length. The charges were sustained by the head of the agency, and Green's discharge was ordered. He appealed to the Civil Service Commission. A hearing was held there, and the discharge was sustained by the hearing officer. Appeal was taken to the Board of Appeals and Review, and that tribunal affirmed. More of the facts need not now be stated, in view of the statements in our opinions upon the prior appeals.

Green filed a civil action seeking declaratory judgment that his dismissal was illegal, as in violation of the Veterans' Preference Act [3] and the regulations of the Civil Service Commission, and for an order directing restoration to his position as of the date of his discharge.

Green makes twelve points. His first point is that his discharge by Baughman, President of the Association, was without authority and therefore null. But the record shows that the discharge was approved and directed by the Chairman of the Board of the Association after

1. Green v. Baughman, 94 U.S.App.D.C. 291, 214 F.2d 878 (1954).
2. Baughman v. Green, 97 U.S.App.D.C. 150, 229 F.2d 33 (1956).

3. 58 Stat. 387 (1944), as amended, 5 U.S. C.A. § 851 et seq.

"careful consideration" and as an "independent conclusion". Green admits this latter official had the authority.

■ The second point is that the decision in the letter of notification stated no reasons, simply saying "that the charges are sustained". The statute provides [4] that no preference eligible shall be discharged except for reasons given in writing. The charges were stated in writing and with sufficient specificity. They were sustained, and Green was so notified in writing. We think direct reference to the charges as sustained was a sufficient statement of the reasons for the discharge.

■ The third point is that Green was entitled to a decision, not a mere recommendation, by Baughman. This point appears to be at variance with the first point, *supra;* but, however that may be, the record shows that Baughman made a recommendation, based upon long and detailed findings, to the Chairman of the Board, who had the authority to order discharge and who approved Baughman's recommendation, as we have said. This agency was a corporate entity. Its bylaws (Article 14) provided that the Chairman of the Board "may select, employ * * * such * * * employees * * * as shall be necessary for the transaction of the business of the Association". Thus he was the administrative officer in respect to employment. The decision to which Green was entitled under the Civil Service Manual (the statute is silent on the subject) was a decision by the Chairman. He received such a decision. Green relies upon our decision in Kutcher v. Gray,[5] but in that case there was no decision by the responsible official upon the crucial point there at issue.

■ Green's fourth point is that Baughman considered oral and written statements which he (Green) was given no opportunity to answer. Green was given the charges, which we have held to have been sufficiently specific.[6] He replied at length. Upon his appeal to the Civil Service Commission he was given a hearing, at which he appeared. Testimony was taken. The record shows that all the information secured during the investigation and all memoranda and correspondence in connection with the case were placed in the Commission's appeal file and made available for inspection by all parties. The statutes require only that charges and reasons be given an employee proposed for discharge.[7] We think Green has no basis for the complaint advanced on this point.

The fifth point is that the dismissal was arbitrary, unreasonable and capricious. We have examined the record with some care and find no ground for that assertion.

The sixth, seventh and eighth points are that Baughman was biased, prejudiced, interested, and motivated by bad faith. We find no basis in the record for these assertions.

■ The ninth point is that the frequent performance of acts not *per se* criminal or immoral, openly in an office for twenty months, while under supervision and observation, establishes as a matter of law that the alleged acts were not offenses. The thrust of this point is that repeated offenses, accompanied by forbearance on the part of superior officers, or fear on the part of subordinates, or distaste on the part of either or both for disciplinary measures, afford immunity to the perpetrator. The fallacy of the position is evident in its statement.

Point ten is that the stenographers who filed statements against Green were

4. 58 Stat. 390 (1944), as amended, 5 U.S. C.A. § 863.

5. 91 U.S.App.D.C. 266, 199 F.2d 783 (1952).

6. Supra note 2.

7. Lloyd-La Follette Act, 37 Stat. 539 (1912), as amended, 5 U.S.C.A. § 652 (a); Veterans' Preference Act, supra note 4.

subjected to coercion, duress, and undue influence. We find no evidence to that effect.

Point eleven is that the Chief Law Officer of the Civil Service Commission failed to decide the issue of the bias and interest of Baughman. The Chief Law Officer specifically found no support for Green's allegations that his superiors were ignorant of the law, lacked ethics, and were incompetent, and that Officer specifically found that the personnel action of the Association was not arbitrary, unreasonable or capricious. Moreover, as we have pointed out, Baughman was not the ultimate authority in the Association, and no charge of bias against the Chairman was made.

The twelfth and final point is that the Chief Law Officer of the Commission abused his discretion in failing to ask Government employees to appear at the hearing. We passed on this matter in Deviny v. Campbell.[8]

We have commented upon all of appellant's points merely because of his persistent affirmations of arbitrary and capricious actions on the part of the officials dealing with his case and because some of the points suggest procedural infirmities. It is settled beyond peradventure of doubt that courts will not examine into the merits of the discharges of employees in the executive branch of the Government.[9] All procedural requirements were fully met in the present case. The record contains long findings of fact by Baughman (seventeen printed pages) when he recommended the discharge and by the Chief Law Officer of the Civil Service Commission (twenty-three printed pages) when he made his recommendation upon the appeal. Green insists his discharge was arbitrary and capricious. The charges against him, and the evidence, fall into two main parts: (1) that he was unbearably discourteous to and inconsiderate of subordinates and co-workers, yelling and using toward stenographers such expressions as "You come over here and you come fast" and "God damn it to hell, why can't you do things right" and toward co-workers such terms as "ignoramus" and "imbecile"; and (2) that he used Government office, property and personnel in notable quantities for personal business and affairs, causing delay and postponement of official work. When such charges are sustained, surely no more potent reasons for discharge for the good of the Government service can be assigned. It is essential to the good of such service that employees devote Government time to Government service and that superiors at all levels operate with a decent regard to at least the rudiments of accepted manners toward subordinates.

Affirmed.

---

8. 90 U.S.App.D.C. 171, 174, 194 F.2d 876, 879 (1952), certiorari denied 344 U.S. 826, 73 S.Ct. 27, 97 L.Ed. 643 (1952).

9. Eberlein v. United States, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140 (1921); Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774 (1900); Keyton v. Anderson, 97 U.S.App.D.C. 178, 229 F. 2d 519 (D.C.Cir.1956); Benenati v. Young, 95 U.S.App.D.C. 120, 220 F.2d 383 (D.C.Cir.1955); Williams v. Cravens,

93 U.S.App.D.C. 380, 210 F.2d 874 (D.C. Cir.1954), certiorari denied 348 U.S. 819, 75 S.Ct. 30, 99 L.Ed. 646 (1954); Blackmon v. Lee, 92 U.S.App.D.C. 268, 205 F.2d 13 (D.C.Cir.1953); Powell v. Brannan, 91 U.S.App.D.C. 16, 196 F.2d 871 (D.C.Cir.1952); Carter v. Forrestal, 85 U.S.App.D.C. 53, 175 F.2d 364 (D.C. Cir.1949), certiorari denied 338 U.S. 832, 70 S.Ct. 47, 94 L.Ed. 507 (1949); Levy v. Woods, 84 U.S.App.D.C. 138, 171 F.2d 145 (D.C.Cir.1948).