
Franklin Edward **KAMENY**, Appellant,

v.

Wilber M. **BRUCKER**, Secretary of the Army, et al., Appellees.

No. 15596.

United States Court of Appeals District of Columbia Circuit.

Argued May 18, 1960.

Decided June 23, 1960.

Petition for Rehearing Denied Aug. 31, 1960.

Mr. Byron N. Scott, Washington, D. C., for appellant.

Mr. Daniel J. McTague, Asst. U. S. Atty., for appellee. Messrs. Oliver Gasch, U. S. Atty., Carl W. Belcher and Miss Doris H. Spangenburg, Asst. U. S. Attys., were on the brief for appellee.

Before WILBUR K. MILLER, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

Appellant sought a mandatory injunction commanding his reinstatement to a position as astronomer in the Army Map Service. The appellees moved for, and the District Court granted, summary judgment, and the complaint was dismissed. This appeal followed.

Before the District Court were certified copies of the records of the Department of the Army and of the Civil Service Commission. The appellant, as of July 15, 1957, having received a temporary appointment such as is authorized by 5 C.F.R. § 2.302 (Supp.1960), came within 5 C.F.R. § 2.107(a) (Supp.1960), which provides for appointments "subject to investigation * * * to establish the appointee's qualifications and suitability for employment in the competitive service." Less than six months later, as of December 10, 1957, appellant was advised that the appointing authority proposed to effectuate appellant's removal on December 20, 1957. In addition, specific details were supplied from which the appellant was put on notice as to the basis for the contemplated separation from service. He was advised of his right to answer the notice of the proposed adverse action "personally, and in writing, and to submit any and all evidence you may desire." Under date of December 11, 1957, appellant filed a sworn answer, after which, by letter dated December 20, 1957, he was further notified that careful consideration had been given to the charges and to appellant's reply, notwithstanding which his removal was to be effectuated as of December 20, 1957. He was advised of a

right to appeal "through the grievance procedure outlined in Civilian Personnel Regulations E-2." Appellant contends that he was not given a "hearing" under that section, but none is required, as it is provided only that a hearing "may be held at the commanding officer's discretion." Even so, appellant presented an oral statement before the Commanding Officer and the Civilian Personnel Officer of the Army Map Service, and was thereupon given an opportunity further to present in writing, subject to review, such additional explanation as appellant might choose to submit.

Appellant accordingly submitted a lengthy memorandum setting forth his position in its best light; he filed three character affidavits and a statement from his psychiatrist. Some weeks later appellant was informed that after careful review of all the proceedings and the evidence available, the December 20, 1957 notice of separation "was considered justifiable to better promote the efficiency of the Federal service and no action will be taken to reinstate you to your former position."

5 C.F.R. § 9.104 (Supp.1960) provides that "An employee serving under a temporary appointment may be separated at any time upon notice in writing from the appointing officer."

We are satisfied that the latter accorded to the appellant all procedural prerogatives required to be extended in the case of temporary appointees, and that valid regulations of the Civil Service Commission authorized appellant's separation from the service. Hargett v. Summerfield, 100 U.S.App.D.C. 85, 243 F.2d 29, certiorari denied 1957, 353 U.S. 970, 77 S.Ct. 1060, 1 L.Ed.2d 1137; cf. Kohlberg v. Gray, 1953, 93 U.S.App.D.C. 97, 207 F.2d 35, certiorari denied 1954, 346 U.S. 937, 74 S.Ct. 377, 98 L.Ed. 425; Jason v. Summerfield, 94 U.S.App.D.C. 197, 201, 214 F.2d 273, 277, certiorari denied 1954, 348 U.S. 840, 75 S.Ct. 48, 99 L.Ed. 662.

Our decision on this aspect of the case makes it unnecessary for us to consider appellant's contentions with reference to the conclusions reached by the Civil Service Commission.

The order of the District Court is

Affirmed.