Festus J. BROWN, Appellant,

v.

John W. MACY, Jr., Individually and as Chairman of the U. S. Civil Service Commission, et al., Appellees.

No. 21125.

United States Court of Appeals Fifth Circuit.

Jan. 15, 1965.

---

Jack N. Rogers, Baton Rouge, La., for appellant.

Edward Berlin, Sherman L. Cohn, Dept of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Louis C. LaCour, U. S. Atty., for appellees.

Before MARIS,* RIVES and BROWN, Circuit Judges.

MARIS, Circuit Judge:

The plaintiff appeals from a summary judgment entered by the District Court for the Eastern District of Louisiana in favor of the defendants, who are the members of the United States Civil Service Commission and the United States Commissioner of Customs, respectively, in his suit seeking a declaratory judgment that his removal for political activity from office as a customs inspector by the Commissioner of Customs upon the order of the Civil Service Commission was illegally accomplished. The plaintiff asserts in this regard that he was denied the right to cross examine witnesses at his hearing before the Commission's examiner and that the charges specified in the letter of charges were improperly enlarged at his hearing. The district court could find no merit in these contentions and neither can we.

The witnesses to whom the plaintiff refers were three individuals who had made statements to a Commission investigator to which the investigator had made affidavits and to which he testified at the hearing. Copies of these affidavits were supplied to the plaintiff prior to the hearing. The Commission requested the three individuals to attend the hearing but they failed to do so. Although the plaintiff made no attempt to secure their attendance he now complains that the Commission by failing to produce them at the hearing denied him the right, which he asserts was his, to cross examine them. The issue before the district court in this case was whether under the statutes or regulations the plaintiff had a right to have the three individuals produced at his hearing for cross examination on the statements which they gave to the investigator and which the Commission considered in reaching its decision. The plaintiff concedes that the

* Of the Third Circuit, sitting by designation.

court had no power to review the merits of his dismissal, that being a matter confided to the discretion of the executive branch of the government. Hargett v. Summerfield, 1957, 100 U.S.App.D.C. 85, 243 F.2d 29, cert. den. 353 U.S. 970, 77 S.Ct. 1060, 1 L.Ed.2d 1137.

■■ It seems clear that the plaintiff did not have the procedural right which he here claims. We are referred to no statute which has conferred it. Nor does the pertinent regulation [1] under the Hatch Act do so. It merely provides for cross examination of those witnesses who are actually produced at a hearing. The regulation does not, as the plaintiff in effect argues, deny to the Commission the right to consider pertinent information uncovered by an investigator because it is presented by the latter at a hearing in the form of hearsay testimony. Compare Flanagan v. Young, 1955, 97 U.S.App.D.C. 119, 228 F.2d 466. On the contrary, the regulation expressly contemplates that the report of the Commission's investigation as well as any statements, affidavits and documents produced at the hearing are to be considered as evidence and are to form part of the record of the hearing.[2] The regulation does require that any such statements, affidavits or other documents be submitted to the employee in advance of the hearing, thus affording him time and opportunity to arrange for the attendance of the authors of the documents if he desires to examine or cross examine them. Here, however, the affidavits setting out the statements of the three individuals in question were admittedly submitted to the plaintiff in advance of his hearing.

■ The contention with respect to the enlargement of the charges against the plaintiff is equally without merit. The evidence to which the plaintiff points merely tended to establish his knowledge that a political campaign was in progress and his intent to influence voters by the activities charged against him and in which he admittedly engaged. It was therefore highly relevant and properly received in support of the charges contained in the original letter of charges.

The judgment of the district court is affirmed.

1. "The employee may be represented by counsel of his own choosing. The employee and the Counsel of the Commission may produce witnesses, who shall be subject to cross examination. Each shall be responsible for securing the attendance of his witnesses. (There is no power of subpoena in these cases.)" 5 C.F.R. (1961 Ed.) 4.205(c).

2. "All testimony shall be under oath or affirmation. The report of investigation shall be made a part of the record at the hearing. All statements, affidavits and documents which are to be considered as evidence shall be available for review by the employee or his representative." 5 C.F.R. (1961 Ed.) 4.205(b).