Jewel Platt FOSTER, Plaintiff,

v.

Walter J. LAROQUE, District Personnel Officer, U. S. Department of Commerce, Maritime Administration, New Orleans, Louisiana, Hon. Luther Hodges, Secretary of Commerce, Washington, D. C., Defendants.

Civ. A. No. 13563.

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 13, 1965.

Donald V. Organ, New Orleans, La., for plaintiff.

Walter F. Gemeinhardt, First Asst. U. S. Atty. Eastern District of Louisiana, for defendants.

AINSWORTH, District Judge:

Plaintiff, Jewel Platt Foster, has filed this proceeding for judicial review of her removal as a Clerk-Stenographer in the United States Maritime Administration based on inefficient performance of duties. She appealed her removal to the Eighth United States Civil Service Region and was reinstated because of a technical clerical error in the removal procedures.[1] The employer then reinstituted the removal proceedings on the identical grounds, and again dismissed plaintiff. This action was upheld by the Eighth United States Civil Service Region and later affirmed by the Board of Appeals and Review, United States Civil Service Commission, Washington. Both plaintiff and defendants have filed motions for summary judgment which are before us for decision. Thus they concede that there is no dispute as to any material fact, and we so find.

Mrs. Foster contends that her removal by the Maritime Administration was arbitrary and capricious; that there was no evidence of any nature presented to support the charges; and that cancellation of the original removal by the United States Civil Service Commission precluded the second removal which was based on the identical charges.

The original charge of inefficiency was set forth in writing to plaintiff by

1. The document notifying plaintiff of her separation stated that it would be effective January 29, 1961, whereas the Standard Form 50 notification erroneously showed the effective date to be January 28, 1961.

the Maritime Administration on January 6, 1961, as follows:

"REASON: Continued inefficient performance of your official duties. The following are specific instances of your unsatisfactory performance of duty. You were suspended from duty without pay during early December 1960 for reasons which relied on two things: (1) Inefficient and Unsatisfactory Performance of Duties and (2) Insubordination. There has been no recurrence of the insubordination, however, there has been your continued inefficient performance of duties.

*"SPECIFIC INSTANCES OF INEFFICIENT PERFORMANCE:*

"(a) On November 7, 1960, incoming mail was stamped November 5, 1960.

"(b) On November 10, 1960, reimbursable man-hour report was submitted for signature—on this Standard Form you had failed to type From Area Representative.

"(c) On November 30, 1960, reimbursable man-hour report was submitted for signature—on this Standing 8 hours for Thomas Armstrong, despite the fact the report was prepared from handwritten material prepared by the Area Representative.

"(d) On December 9, 1960, you had to be told the correct distribution for Property Transfer Notices relative to inventory adjustment of fixed assets as directed by Section 5 of Management Order 538 (Amended).

"(e) On December 23, 1960, you prepared travel requests for P. J. Gallagher and David Speed using the office designation 85031 on both travel requests instead of 35031.

"(f) On December 23, 1960, you typed G.C.G. 60-7 instead of G.C.D. 60-7 as the number of Mr. Speed's temporary operator's permit and further check revealed you had recorded the wrong number while making copy of the original document for the files and records."

 Thereafter, when the removal was cancelled by the Eighth Region the charges were reinstituted by her employer, and the same specific instances of alleged inefficient performance were repeated. When the Eighth Region cancelled the original dismissal it did so because of a clerical error; therefore, it did not pass on the propriety of the charges or the procedures invoked against plaintiff. There was no error in repeating the same charges in the second proceeding for removal which was filed on March 1, 1961.[2]

The record discloses that all of the procedures required by law and regulations for removal of a Civil Service employee were followed; plaintiff was duly notified by specific, written charges, and a copy was mailed to her. She was accorded an opportunity to reply in writing, was furnished with a written decision, and her separation from the service complied with the applicable procedures. Thereafter, she was accorded and pursued her remedy of appeal to the Eighth United States Civil Service Region and to the Board of Appeals and Review, and the removal decision was affirmed.

Our right to review the sufficiency of the reasons for her discharge is limited in scope. The Fifth Circuit held in a

2. Res judicata is not applicable in administrative proceedings of this kind, nor is a formal hearing required by law. See Jason v. Summerfield, 1954, 94 U.S.App. D.C. 197, 214 F.2d 273, cert. den. 348 U.S. 840, 75 S.Ct. 48, 99 L.Ed. 662 (1954); 5 U.S.C. § 652a; Capolino v. Kelly, S.D.N.Y., 1964, 236 F.Supp. 955, aff'd 339 F.2d 1023. While plaintiff's appeal was pending before the Civil Service Board of Appeals and Review, plaintiff requested a Maritime Administration hearing which was granted to her on August 17, 1961. In the meanwhile, the Board of Appeals and Review had finally affirmed the dismissal on August 3, 1961. On August 29, 1961, the Maritime Administration reaffirmed her dismissal. However, respondents contend that this was a "courtesy" on the part of the agency and that the Appeals Board decision of August 3, 1961 finally concluded the matter.

recent case that if the removal was in accordance with applicable law and regulations and all applicable procedural requirements were met by the agency and the Civil Service Commission in reviewing agency action, there was no error in effecting the employee's discharge. McClellan v. Phinney, 1964, 331 F.2d 307. In McClellan, the Fifth Circuit cited Hargett v. Summerfield, 1957, 100 U.S. App.D.C. 85, 243 F.2d 29, cert. den. 353 U.S. 970, 77 S.Ct. 1060, 1 L.Ed.2d 1137 (1957), in support of its decision, where the D.C. Court of Appeals in upholding a government employee's discharge said:

"These cases and others of similar import, decided both before and after the passage of the Administrative Procedure Act in 1946, make it clear that employee removal and discipline are almost entirely matters of executive agency discretion, and that judicial review of such actions is ordinarily available only to determine if there has been substantial compliance with the pertinent statutory procedures provided by Congress and no misconstruction of governing legislation. This has resulted in an unbroken line of authorities holding that, so long as there was substantial compliance with applicable procedures and statutes, the administrative determination was not reviewable as to the wisdom or good judgment of the department head in exercising his discretion." (Citing numerous cases.)

In Chiriaco v. United States, 1964, 339 F.2d 588, the Fifth Circuit upheld the dismissal of a Tennessee Valley Authority employee which had been affirmed by the Board of Appeals and Review of the Civil Service Commission. The court re-emphasized that the scope of judicial review in these matters is limited to an inquiry into procedural due process. It said in its decision (p. 590):

"No departure from the required standard of procedural due process appears, and the scope of judicial review in a matter of this kind is limited to the determination of that question. Green v. Baughman, 1957, 100 U.S.App.D.C. 187, 243 F.2d 610; Hargett v. Summerfield, 1957, 100 U. S.App.D.C. 85, 243 F.2d 29; and Carter v. Forrestal, 1949, 85 U.S. App.D.C. 53, 175 F.2d 364. Moreover, as the District Court concluded, even if the merits are considered, the termination of appellant was based upon a substantial ground in view of his leaving his job without permission; therefore the action of the TVA toward him was not arbitrary or capricious. It is not the function of the court to review the wisdom or good judgment of the governmental department head in exercising his discretion in matters of employee removal and discipline. See Hargett v. Summerfield, supra."

Plaintiff relies on Pelicone v. Hodges, D.C.Cir., 1963, 116 U.S.App.D.C. 32, 320 F.2d 754, in which Chief Judge Bazelon stated that judicial review in these government employee discharge cases is limited to determining whether the established procedures were observed and whether the challenged action was arbitrary and capricious or was supported by evidence. However, the court based its reversal of the discharge of a Department of Commerce employee on the fact that there was no evidence in the record to support the discharge.

Subsequently, the D.C. Circuit in Wallace v. Day, 1964, 117 U.S.App.D.C. 264, 328 F.2d 565, upheld the dismissal of a Post Office Department employee, stating that "We find no error in the procedures followed by the officials who participated in the matter. As we said in Studemeyer v. Macy, 116 U.S.App.D.C. 120, 321 F.2d 386, 387, cert. denied, 375 U.S. 934, 84 S.Ct. 337, 11 L.Ed.2d 265 (1963):

" 'There may be grounds for reasonable differences of opinion as to whether the cause for which the personnel action was taken was grave enough to warrant depriving appellant of his position, but the court is not warranted in substituting a different judgment of its own for that

of appellant's superiors, whose action has been sustained by the Civil Service Commission and the District Court.' "

■■ The evidence is conclusive that the established procedures required by the statute and regulations were complied with in this case. Most of the cited authorities indicate that this is sufficient to warrant affirmance of the Civil Service Commission action in confirming plaintiff's discharge. Nor can we hold on this record that the action of the employer was arbitrary or capricious or not supported by evidence. The specifications of inefficiency are in the record and apparently conceded by plaintiff[3] though she contends they are trivial and insufficient to justify her discharge. There was evidence, therefore, to support the removal and we do not believe the dismissal constituted arbitrary or capricious action under the circumstances.

We find that there was a rational basis for the removal and accordingly defendants' motion for summary judgment is maintained and plaintiff's suit is dismissed. Judgment will be entered accordingly.

---

3. See Mrs. Foster's written answer dated January 16, 1961 to the charges; also her attorney's letter dated March 7, 1961, answering the charges.