Robert E. BENSON, Appellant,

v.

UNITED STATES of America, Paul H. Nitze, et al., Appellees.

No. 22969.

United States Court of Appeals, Ninth Circuit.

Jan. 29, 1970.

James L. Kellam (argued), Riverside, Cal., for appellant.

James D. Murray (argued), Asst. U. S. Atty., Frederick M. Brosio, Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

S. Charles Scanlan, Washington, D. C., for amicus curiae (American Federation of Government Employees).

Before BARNES, MERRILL and KILKENNY, Circuit Judges.

BARNES, Circuit Judge:

Appellant, who was the plaintiff below, sought declaratory relief and damages for his alleged wrongful discharge as a civil service employee at the Norco Naval Ordnance laboratory at Corona, California, where he worked as a physicist with a GS–9 rating. Suit was brought against various agencies and officials, both in their official and individual capacities, under 28 U.S.C. §§ 1331, 1332, 2201 and 2202.

On January 16, 1967, partial summary judgment was rendered in favor of all officials in their individual capacities

with the right reserved to the appellant to amend his complaint, which he did. On January 22, 1968, after expressing some doubt as to its personal jurisdiction over the various defendants,[1] the district court handed down a memorandum opinion affirming the appellant's discharge from employment. This appeal followed. Our jurisdiction rests upon 28 U.S.C. § 1291. We affirm.

### (a) Factual Background

Appellant was employed from November 21, 1960 until December 14, 1964 as a permanent Civil Service employee. His initial performance on the job was rated high, and he received a promotion from GS-7 to GS-9. However, in 1963 and 1964, difficulties arose between Benson and his superiors.

Correspondence dated November 13, 1964 informed appellant that removal proceedings against him had been initiated on the asserted grounds of "obvious and continuing refusal to carry out proper orders and disobedience to constituted authority." (C.T. 176) It was also asserted as additional grounds for removal that Benson had made "false and unfounded statements which were slanderous and defamatory against [his] supervisor." (C.T. 176)

Appellant retained the legal services of the law office of Walter E. Scarborough, which made the following rather cavalier request on November 18, 1964, through a letter signed on Mr. Scarbor-

ough's behalf by one David R. Scyoc, an attorney:

"This office requests that you advise us well in advance of hearing dates, since our calendar is being set as far ahead as the month of January 1965 at this time. Due to prior calendared commitments the following dates are unacceptable to this office: all dates prior to December 15th; December 16, 23, 18, 1964, and January 8, 15, 22 and 29, 1965." (C.T. 177; Ex. 1, pp. 3 and 4)

Nevertheless, the removal hearing was set on November 23, 1964, for December 1, 1964, at 8:00 a. m.

Mr. Scarborough, who had been on a trip to the Orient during most of the month of November, returned on November 30th and immediately contacted the hearing officer to ask for a continuance and for the production of a witness who he thought would be of help to his client's case. Both requests were denied.[2]

Mr. Scarborough appeared with the plaintiff at the hearing, as scheduled, at which time no objection was made to the commencement of the proceedings, nor was there any further motion for continuance. On December 9, 1964, the hearing officer notified appellant of his decision to remove the appellant from employment effective December 14, 1964.

After an appeal and further hearing before the Civil Service Commission Regional Office at San Francisco, the chief examiner recommended upholding the

---

1. In finding of fact No. 4 (C.T. 182) it was stated:

"Service of process has not been properly effected as to the remaining parties defendant, in their official capacities as officers of the United States pursuant to Rule 4(d) (5), Federal Rules of Civil Procedure, Defendants affirmatively pleaded insufficiency of service of process in their Answer to First Amended Complaint, filed herein on August 18, 1966."

Plaintiff-appellant cured this alleged defect on November 28 and 29, 1966 when the United States Civil Service Commission was served in Los Angeles. (C.T.

92) Copies of the summons and complaint were served on the Secretary of the Navy by certified mail as authorized by 28 U.S.C. § 1391(e). For an extended discussion of the history and applicability of § 1391(e) see Wright and Miller, Federal Practice and Procedure: Civil § 1107, pp. 416-421.

2. It was stated that the witness who was requested by appellant's attorney was on assignment in another part of the state, but would be produced if he returned in time for the hearing. No showing was made as to what this witness might have been expected to testify.

dismissal of Benson. This decision was affirmed by the Civil Service Commission in Washington, D. C.

### (b) *Findings of the District Court*

While the district court stated there was some evidence in the record indicating that the actions of appellant's superior officers were not entirely in good faith both with respect to his employment problems and with regard to the scheduling of the dismissal proceedings, nevertheless, it also noted the following:

"[T]here was some evidence supporting the charges which the hearing officer believed and believed to be sufficient to justify the plaintiff's removal. His findings to this effect are binding upon this court." (C.T. 178)

The court then discussed the scope of judicial review accorded to dismissal proceedings.

"It is well settled that judicial review of a dismissal from federal employment, which is a matter of executive agency discretion, is limited to a determination of whether the required procedural steps have been substantially complied with." (Citations omitted but discussed *infra.*)

In turning to a discussion of the procedural fairness of the proceeding, the trial court was unable to find any prejudice that resulted from the failure of the hearing officer to order a postponement.

"[I]t does not appear that plaintiff's cause was jeopardized in any substantial degree. The record indicates that in spite of great personal sacrifice, plaintiff's counsel did appear.

He seemed to be adequately prepared and in such control of the evidence as to represent the plaintiff in satisfactory fashion. It is contended that he did not have time to review a stack of documents 'about one and one-half feet high', but it does not appear wherein, if at all, these documents were material or would have produced anything of value if considered.

"Furthermore, no motion for continuance was made at the time of the hearing, which is probably excusable in view of the previous persistent refusals. But neither did he object to proceeding.

"Under the circumstances existing here, therefore, and for the reasons stated, the decision of the hearing officer is affirmed." (C.T. 179)

### (c) *Issue on Appeal*

We hold that there was personal jurisdiction [3] over the appellees in their official capacities and, therefore, we hold there is but one issue before us: Was there substantial compliance with the procedure governing removal of a civilian working for the Department of the Navy? We hold that there was.

In discussing the role of the courts in reviewing the discharge of federal employees, we noted in Seebach v. Cullen,[4] 338 F.2d 663, 664 (9th Cir. 1964):

"Judicial review of dismissal from federal employment, a matter of executive agency discretion, is limited to a determination of whether the required procedural steps have been substantially complied with. Keim v. United States, 177 U.S. 290, 20 S.Ct.

---

3. See discussion in footnote 1, *supra.* Because we hold that all the required parties were properly before the court, we find it unnecessary to discuss appellant's assignments of error concerning the trial court's Conclusion of Law No. 1 in which it was held that the action should be dismissed for lack of jurisdiction over indispensable parties under Federal Rule 19. (C.T. 184, 5)

4. The Tenth Circuit has recently defined the scope of review in cases such as this in the following manner:

"Ordinarily the scope of judicial review of the action of the department in discharging an employee is limited to two main questions: (I) Were the procedural requirements of the statutes and regulations complied with; and (II) was the action of the department officials arbitrary or capricious or not supported by substantial evidence." Vigil v. Post Office Dept., 406 F.2d 921, 924 (10th Cir. 1969).

574, 44 L.Ed. 774 (1900); and see Hargett v. Summerfield, 100 U.S.App. D.C. 85, 243 F.2d 29 (1957)."

Hargett v. Summerfield, 100 U.S.App. D.C. 85, 243 F.2d 29, 32 (1957) stated that preservation of agency autonomy in matters of discipline and removal has been the underlying policy which has resulted in the restricted role played by the courts in reviewing discharge procedures. Specifically the court in that case said:

"These cases and others [citations omitted] of similar import, decided both before and after the passage of the Administrative Procedure Act in 1946, make it clear ,that employee removal and discipline are almost entirely matters of executive agency discretion, and that judicial review of such actions is ordinarily available only to determine if there has been substantial compliance with the pertinent statutory procedures provided by Congress and no misconstruction of governing legislation. This has resulted in an unbroken line of authorities holding that, so long as there was substantial compliance with applicable procedures and statutes, the administrative determination was not reviewable as to the wisdom or good judgment of the department head in exercising his discretion." (Citations omitted.)

And see Taylor v. United States Civil Service Commission, 374 F.2d 466 (9th Cir. 1967).

The Department of the Navy, appellant's employer, was authorized under 5 U.S.C. §§ 652(a), 863, Executive Order 10987 and Naval Civilian Personnel Instruction 750 (NCPI) to conduct removal proceedings. Subsections 2–5a (1)e

and k(3) [5] of the latter provide the following:

"e. Employee representative.

The employee may be represented at a hearing by any one person of his choice who is willing to represent him.
* * * "

"k(3). The employee shall be given full opportunity to reply to and refute the evidence and charges against him and to question all witnesses at the hearing." (Appt.Br. 22)

■ Appellant claims that the hearing officer's failure to grant a continuance denied him the right to adequate representation of counsel. The district court specifically found to the contrary on the basis of all the evidence before it (Finding of Fact No. 10, C.T. 184), and we cannot hold that finding was clearly erroneous. Fed.R.Civ.Proc. 52(a). In short, we think the issues in the dismissal proceeding, which were essentially controverted factual allegations, were not of such a nature to require greater preparation than Mr. Scarborough had time to give to the case. Moreover, we are impressed by the fact, as was the district court, that no motion for continuance or objection to the proceedings was made during the hearing.

■ Appellant argues secondly that the failure to produce Mr. John King as a witness deprived him of a full opportunity to counter the charges that resulted in his discharge. We disagree.

The district court found (Finding of Fact No. 8, C.T. 183) that Mr. King was performing "important previously scheduled duty, away from the facility" at the ,time of the hearing. Moreover, appellant made no attempt to personally obtain the presence of the witness or to obtain his affidavit or other admissible testimony. This compelled the district

5. Subsection 2—5a(1)g of the same regulation provides in part as follows:

"g. Witnesses.

The employee and management may call witnesses who have direct knowledge of circumstances and factors bear-

ing on the case. Witnesses shall be limited in number on this basis. *The decision as to the need for witnesses shall be made by the Hearing Advisory Committee.* * * * " (Appt. Br. 29. Emphasis added.)

court to conclude that no prejudice resulted to the appellant. This is confirmed by King's testimony at the district court level. (R.T. 109 et seq.)

 The decision of the district court is modified as to its finding that there was no personal jurisdiction over the defendants in their official capacities, and affirmed as to the findings and conclusions that appellant's dismissal proceeding was in substantial compliance with established and required procedure.

Affirmed as so modified.