Donald E. ELMORE

v.

Robert E. HAMPTON, Chairman, U. S.
Civil Service Commission, et al.,
Civ. A. No. 8242.

United States District Court,
E. D. Tennessee, N. D.
Dec. 6, 1973.

Louis C. Woolf, McCampbell, Young, Barlett & Woolf, Knoxville, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action by Donald E. Elmore against various members of the U. S. Civil Service Commission and the United States of America. In this suit plaintiff seeks a declaration that his job reassignment and his subsequent discharge for failure to report were in violation of his rights guaranteed by the federal statutes, regulations, and the Constitution of the United States. He urges that he be reinstated to his former position and granted back pay effective March 22, 1972, the date of his discharge.

Defendants have moved pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment. They argue that the pleadings and administrative transcript show that they are entitled to judgment as a matter of law.

The record discloses that plaintiff is a career employee with a veteran's preference who, until the date of his discharge, served as an investigator for the Civil Service Commission holding a GS–11, Step 4. Plaintiff's regular duty station was Knoxville, Tennessee, which is under the Atlanta Region of the Investigations Division.

Mr. Thomas P. Sandow, Chief of the Investigation Division, Atlanta Region, testified at the hearing that as early as June of 1971 he had known that the Knoxville office was overstaffed. Subsequently, the Bureau of Personnel Investigations advised Mr. Sandow that the entire Atlanta Region was to be re-

duced in personnel by twenty-nine percent. Additionally, the Commission was also under a compulsion to comply with the Executive Bulletin of August 25, 1971 directing all agencies of the federal government to reduce their work forces by five percent.

On October 26, 1971, Mr. Sandow visited the Knoxville station and disclosed the details of the projected reduction in staff. Five investigators were to be reassigned. At the meeting a discussion of the policy memorandum issued June 25, 1970, by Mr. Nicholas J. Oganovic, the Executive Director, also took place. This memorandum set out the Commission's policy concerning reassignment of investigators between regions. Point four of the Memo provided that:

"Before final selection, consider factors personal to an individual investigator. These factors include marital status and dependents, health, home ownership, possible financial loss, hardship conditions, and any other contingencies which would make a particular selection unreasonable or inappropriate. At the discretion of the regional director, personal factors involved may permit an investigator with less total service to be passed over and the next investigator with more total service selected."

After the general meeting, Mr. Sandow met individually with the investigators present. Mr. Elmore was present and talked with Mr. Sandow. He expressed the desire to quit rather than accept a transfer.

On November 30, 1971, plaintiff was given notice that he was to be reassigned to the Philadelphia Region. The assignment was to be effective January 30, 1972. As was later stipulated by the parties at the administrative hearing, plaintiff did not report.

By a letter dated February 1, 1972, Mr. Hammond Smith, Director of the Atlanta Regional Office, notified plaintiff of a proposal to remove him from his position with the Commission as a result of his failure to accept reassign-

ment. Plaintiff in return gave notice of his right to a hearing.

The hearing was held on February 22, 1972. On March 13, 1972, the Appeals Examiner reported his findings and recommendations adverse to plaintiff's position. Thereafter, plaintiff was removed from his position. Plaintiff exhausted all appeal levels available within the Commission and finally filed this suit challenging the Commission's final decision sustaining his removal.

Defendants state that judicial review of an agency action in personnel cases is narrow. They cite Baum v. Zuchert, 342 F.2d 145 (6th Cir. 1965) and the language therein stating:

"The function of a reviewing court in cases involving the discharge of civil service employees is a limited one. Powell v. Brannan, 91 U.S.App. D.C. 16, 196 F.2d 871, 873. The judicial function is to determine whether there has been substantial compliance with applicable procedures and statutes, and not to review the administrative determination as to the wisdom or good judgment of the agency in exercising discretion. Hargett v. Summerfield, 100 U.S.App.D.C. 85, 243 F.2d 29, 32, cert. denied, 353 U.S. 970, 77 S.Ct. 1060, 1 L.Ed.2d 1137. The courts will not examine into the merits of the dismissal. Ellis v. Mueller, 108 U.S.App.D.C. 174, 280 F. 2d 722, cert. denied, 364 U.S. 883, 81 S.Ct. 172, 5 L.Ed.2d 104; Green v. Baughman, 100 U.S.App.D.C. 187, 243 F.2d 610, 613, cert. denied, 355 U.S. 819, 78 S.Ct. 25, 2 L.Ed.2d 35." at page 147 of 342 F.2d.

Plaintiff acknowleges that review is normally so limited, but argues that in this case the Appeals Examiner who held the initial hearing denied him by certain evidentiary rulings the right to introduce evidence critical to his case. The result, he argues, was a denial of due process as guaranteed to him by the Fifth Amendment to the Constitution.

The rulings of which plaintiff appears to complain include: (1) disallowing

Thomas P. Sandow from testifying on the operation of reduction-in-force regulations contained in the Federal Personnel Manual, Chapter 351; [1] (2) the refusal to permit the examination of the factual circumstances surrounding the Discontinued Service Retirement of Oscar L. Ansley; (3) the exclusion of information concerning the workload projection from Oak Ridge; (4) the denial of certain workload statistics from the Philadelphia Region. Each of these rulings, plaintiff argues, prohibited him from demonstrating that circumstances existed such that the Commission was required to implement reduction-in-force procedures by the Commission.

The regulations applicable to this controversy present an almost impenetrable labyrinth.[2] However, 5 CFR § 351.-201(a) seems to be dispositive of the issue involved. This section provides for the mandatory use of reduction-in-force procedures when:

> " . . . it releases a competing employee from his competitive level by separation, demotion, furlough for more than 30 days, or reassignment requiring displacement, when the release is required because of lack of work, shortage of funds, reorganization, reclassification due to change in duties, or the exercise of reemployment rights or restoration rights." (Emphasis added)

■ Two conditions are, thus, required to occur before an agency must follow this procedure. First, the employee must be released from his competitive level. Second, there must be a reassignment requiring displacement. In the instant case, plaintiff was not re-

leased from his competitive level due to the reassignment.[3] With regard to the second requirement, a gap exists in the record concerning the nature of the position offered to plaintiff in the Philadelphia Region. The Appeals Examining Office and the Hearing Examiner found that the position to which plaintiff was to be reassigned was a vacancy.[4] Regardless, it was incumbent upon plaintiff to prove a displacement, and his failure to do so indicates his failure to carry the burden of proof. The record does disclose that management took care to avoid use of reduction-in-force requirements, a procedure they are entitled to follow under the regulations.[5]

■ Additionally, this Court does not feel that the rulings made by the Examiner denied plaintiff due process. Concerning the Discontinued Service Retirement of Mr. Ansley, the Examiner did in fact admit the evidence. All that he stated was that he would give it minimum weight, a matter completely subject to his discretion. Similarly, the reasons for his other rulings were adequately explained to plaintiff both prior to and during the hearing.

■ Plaintiff's complaint also alleges that the Commission violated its own rules concerning reassignments. There is adequate evidence in the record to support the Examiner's determination adverse to this contention. Finally, there is no basis for concluding the action taken by the Civil Service Commission was arbitrary and capricious.

It is accordingly ordered that defendants' motion for summary judgment be, and the same hereby is, granted.

1. Hereafter cited FPM.

2. As an illustration, see 5 CFR 351.703.

3. Plaintiff himself admitted this during the hearing. (Tr. 228)

4. See, Tr. 23 and Tr. 81.

5. e. g. FPM, Chapter 351, subchapter 2-2, 2-6.