### Claude F. SALTER
### v.
### The UNITED STATES.
### No. 355–67.

United States Court of Claims.
July 16, 1969.

James T. Reilly, Washington, D. C., attorney of record, for plaintiff.

C. Michael Sheridan, Framingham, Mass., with whom was Asst. Atty. Gen. William D. Ruckelshaus, for defendant. Ann Bowen, Washington, D. C., of counsel.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

DURFEE, Judge.

Plaintiff was employed by the Internal Revenue Service as Chief of the Audit Division with a GS–15 classification in the office of the District Director of the San Francisco, California office. He brings this action for recovery of back pay from the date of his demotion from GS–15 to GS–14 on September 13, 1964 to his retirement in March 1968.

On March 27, 1964 Regional Commissioner Hawkins of the Internal Revenue Service, having found it necessary to consider plaintiff's reassignment, demotion, or possible separation, and pursuant to the provisions of subsection 1855.6(5) (b) of the Internal Revenue Manual, wrote to the Medical Director of the United States Public Health Service Hospital requesting a fitness-for-duty medical examination of plaintiff, stating in pertinent part as follows:

Quite briefly Mr. Salter has certain personality characteristics which no longer make it possible for him to continue in his position as Chief of the Audit Division, San Francisco District Office. It has therefore become necessary for us to consider his reassignment, demotion, or possible separation; however because of his personal characteristics and actions, it is believed that Mr. Salter might be a seriously ill man. For these reasons it is desired that we resolve the medical aspects of the problem before making a final determination as to our course of action in reassigning him or separating him from his present position.

There is attached a summary of information which we believe will be helpful to you in conducting a complete physical and neurological examination of Mr. Salter.

Plaintiff alleges that this requirement was part of an effort to have him removed for mental disability as "the predecessor to the letter of charges"; that the resultant medical reports were "part and parcel of the agency's demotion proceeding." Plaintiff further alleges that refusal of the agency to supply him with a copy of its request to the Health Service for this examination and the resultant medical reports of his examination was a denial of administrative due process.

From this letter requesting the medical examination, it would appear the agency had concluded that because of certain personality characteristics and actions, plaintiff "might be a seriously ill man" and wanted to resolve this before deciding to choose its course of action for separating plaintiff from his position. If the medical report had established that plaintiff was physically or mentally unfit for his position, he could have been removed or demoted therefrom for this reason. 5 C.F.R. § 339.-101 (1964). However, plaintiff was found mentally and physically qualified for duty and then reassigned to another department.

Shortly thereafter, on July 1, 1964, plaintiff was advised in writing by the Regional Commissioner of the agency that it was proposed to demote him to Technical Advisor, GS–14, on the basis of four separate charges of misconduct in his position. Plaintiff denied these charges orally and in writing.

Charges I and III were later withdrawn or dismissed by the agency, and were not considered by the Civil Service Commission on plaintiff's appeal thereto from his demotion. On September 3, 1965, following a hearing in which plaintiff appeared personally and by counsel, the Regional Office of the Civil Service Commission affirmed the agency action of demotion on the basis of Charges II and IV, and certain specifications contained therein.

On appeal by plaintiff to the Board of Appeals and Review of the Civil Service Commission, the Board sustained the decision of the agency and of its own Regional Office. Reopening of this decision was requested by plaintiff, and upon denial thereof by the Commissioners of the Civil Service Commission, plaintiff brought this action.

The decision of the Regional Office of the Civil Service Commission states, in pertinent part:

In finding that specifications 3 and 5 of Charge II are proved by the evidence of record, we further find that both of the specifications relate to incidents which occurred in the recent past, and that both reflect significant shortcomings by appellant in regard to cooperation, support and leadership which his superiors could rightly expect of him in accepting and effectively implementing policies and decisions of higher managerial personnel. Accordingly, Charge II is sustained.

\* \* \* \* \* \*

The two specifications under Charge IV found to be sustained involved more than simple misunderstanding, or minor breaches of proper supervisor-employee relations. Based upon sustension of specifications 2 and 3 under Charge IV, we find that the charge accusing appellant of display of intemperate conduct during managerial discussions unbecoming a supervisory official and creating a barrier to a reasonable objective approach to an issue is sustained \* \* \* the correctness, or incorrectness, of Mr. Salter's judgment is not at issue. Neither is the possibility that in another circumstance, and with different supervisory personnel involved, the present difficulties might not have arisen, a matter for our consideration. The issue is concerned with Mr. Salter's relations with particular individuals with whom the circumstances of his employment required him to work effectively. In order to do so, it was necessary that he maintain open communication with his superiors. As evidenced by two specifications under Charge II, and the two specifications under Charge 4 [sic] which we have found to be sustained, communications between appellant and his superiors were seriously affected. The agency believed that the only solution was to take Mr. Salter out of the position requiring the close association and interrupted communication between its incumbent and the District Director and the Assistant District Director. Since no other position was available in which to assign Mr. Salter in order to preserve his grade, he was placed in the position in which the loss in grade and salary would be kept to a minimum. Under the circumstances, we see no reason to believe that the determination to demote Mr. Salter was arbitrary, capricious, or unreasonable.

### Decision

In review, we find that all procedural requirements were met by the Internal Revenue Service in effecting the demotion of Mr. Claude F. Salter from Supervisory Internal Revenue Agent, GS–15, Step 6, $19,310 per annum, to Internal Revenue Agent (Appellate), GS–14, Step 10, $18,580 per annum. On substantive grounds, we find that action was taken for such cause that will promote the efficiency of the service. For these reasons, we find that the demotion of Mr. Salter is sustained.

We have concluded from the record that this decision was not arbitrary or capricious, and was supported by substantial evidence.

Basically, the evidence establishes first, that plaintiff failed to provide the cooperation, support and leadership expected of a Chief, Audit Division, in accepting and effectively implementing

managerial policy and decisions as alleged in Charge II. Second, plaintiff indulged in displays of intemperate conduct during managerial discussions unbecoming a supervisory official, and created barriers to a reasonable, objective approach to an issue of internal administration within his department, as alleged in Charge IV. Such conduct is adequate ground for the demotion in this case.

The fact that there is a similarity in the specifications under one or more charges, as asserted by plaintiff, does not establish that they were identical repetitions; they were not, and they each involved different factual situations. Dismissal of one charge or one specification does not vitiate an adverse finding against plaintiff under a similar specification, under the facts in this case.

■ Plaintiff's main argument seems to be based upon the fact hereinbefore stated that a copy of the "summary of information" about his physical and mental condition, attached to the agency letter of March 27, 1964 requesting a medical examination, was never furnished to him despite his request. Plaintiff states that this examination was part of an effort to first have him removed on the basis of mental disability, as "the predecessor to the letter of charges" by defendant under which plaintiff was subsequently demoted. He urges that this attachment or summary by the agency to its letter requesting the medical examination and the subsequent medical reports were "part and parcel of this action," and refusal of the agency to supply him with these documents was a denial of administrative due process. Plaintiff also asserts as to specifications 2 and 3, Charge IV, that the medical reports would "clearly reflect that the personality of plaintiff was not one which was capable of the actions charged."

However, we can find no prejudice to plaintiff from the agency's refusal to supply these documents. In the final analysis, the Board of Appeals and Review of the Civil Service Commission concluded, as stated in its letter to plaintiff's attorney in March 1966:

> With respect to the medical reports and related correspondence the Board notes that all medical questions had been resolved in Mr. Salter's favor prior to the initiation of these charges. Since the current charges are not related to any medical questions, the Board finds that Mr. Salter's case has not been prejudiced by the agency's failure to produce these documents.

We see no reason to try to go beyond or behind this reasonable conclusion by the Board. Clearly, the charges upon which plaintiff was demoted do not relate to any medical questions as to plaintiff's physical or mental condition, and even if such relationship had existed, *all medical questions had been resolved in plaintiff's favor* prior to the initiation of the charges. We can perceive no way in which the denial of these documents was a denial of an opportunity for plaintiff to rebut charges wholly unrelated thereto. Certainly, the withholding of these documents did not vitiate the adequacy or regularity of the agency's notice of charges, or the agency's letter notifying plaintiff of its decision to effect his demotion. In this salient respect, the facts in this case are clearly distinguishable from the facts in Bennett v. United States, 356 F.2d 525, 174 Ct.Cl. 492, judgment vacated and case remanded, 385 U.S. 4, 87 S.Ct. 39, 17 L.Ed.2d 4 (1966); thus, the dissenting opinion of Judge Davis, 356 F.2d at 530, 174 Ct.Cl. at 500, upon which plaintiff largely relies, is inapplicable.

■ Plaintiff has also challenged the *administrative due process* because defendant, subsequent to the Regional Hearing, included in the record an affidavit and notes by the agency's Assistant District Director Stumpf, relating to his discussions with plaintiff as to plaintiff's job performance and refusal to cooperate. The basis of this challenge is first: an attack upon Mr.

878

Stumpf's previous testimony and veracity; and second: the deprivation of the opportunity for plaintiff to cross-examine Mr. Stumpf, and rebut the charges.

The Regional Office of the Civil Service Commission did not render its decision on the appeal until more than eight months after Mr. Stumpf's documents were submitted by the agency. Plaintiff did not request that the hearing be reopened to give him the opportunity to cross-examine Mr. Stumpf, although he argues that even if he had, such reopening and cross-examination would not have overcome the damage allegedly done by the inclusion of the affidavit in the record. The Board of Appeals and Review considered this challenge by plaintiff to the inclusion of Mr. Stumpf's affidavit and notes, and stated:

> As to the notes made by Mr. Stumpf at the time he gave Mr. Salter his performance rating in October 1963, it is well established in administrative proceedings of this nature that such evidence is admissible and shall be given such weight as in the Board's opinion it deserves. In this connection it is noted that Mr. Stumpf testified at length in the agency's hearing in December 1964, and was subject to intense cross-examination. Under the circumstances the Board finds that the admission of the notes into evidence did not seriously prejudice Mr. Salter's case.

Under these particular circumstances, .we do not believe that plaintiff was prejudiced by the inclusion in the appeal record of Mr. Stumpf's affidavit and documents, nor can we find thereby that there was a denial of administrative due process.

We conclude that the decision of the Civil Service Commission denying plaintiff's appeal was in compliance with pertinent regulations, was not arbitrary or capricious, and was founded upon substantial evidence. Accordingly, defendant's motion for summary judgment is hereby granted, plaintiff's cross-motion for summary judgment is denied, and the petition is dismissed.