This is a pre-Civil Service Reform Act adverse action case. Plaintiff, a disabled veteran, was formerly a nonproba-tionary warehouseman forklift operator employed at Sharpe Army Depot, Lathrop, California. On April 3, 1978, he was given notice of a proposal to remove him because of having twice struck his supervisor with his fists following an altercation. The usual procedures followed, which included a hearing by the Federal Employees Appeal Authority (feaa) and its careful fact finding and decision to sustain the removal. Plaintiff requested a rehearing, submitting so-called newly discovered evidence which related to a like offense by a fellow employee, one Johnson, who received more lenient treatment, but reopening was denied. The petition in this court followed. Both parties moved for summary judgment, with documentation. Upon consideration of the motions, briefs, and oral argument, we are of the opinion that there is no triable issue of relevant fact, and on the undisputed facts, plaintiff cannot prevail.
The most strenuously argued contention is that the penalty of dismissal was in excess of the agency’s table of penalties for a first offense. The notice of proposed removal called plaintiffs misconduct "insubordination,” but with amplification and aggravation. Plaintiff does not show *861 striking a supervisor to be listed at all. He states that "insubordination” and "fighting” are the nearest parallels. Both suggest reprimands or brief suspensions for a first offender. Defendant points out, however, that the table does not purport to cover every case. By its own terms it does not meet the demands of all situations and is to be "considered as suggestive only.” The blows plaintiff struck were not light ones, but were a severe physical assault, though not, it is true, with a deadly weapon. The assault was on a supervisor, therefore, the agency could and by the testimony did regard the offense as including, but more than, ordinary "insubordination,” and also more than ordinary "fighting.” The combat was, indeed, so entirely by one side as hardly to be called a "fight.” It occurred on the base during working hours and the verbal altercation that led up to it had resulted from an effort by the supervisor to render supervision as was his duty to do. The supervisor entered his vehicle attempting to leave the scene, but plaintiff followed and struck him. Since there was therefore no suggested penalty, there was no need to explain or justify a departure from the regulation, for no departure occurred. By calling the offense "insubordination,” the agency was not bound to treat it as insubordination only. In the absence of a suggested penalty, it can hardly be denied that the Army could take the view it did, or be asserted that the penalty was disproportionate to the offense. There was no requirement to spell out in the notice of proposed removal that the removal was for the efficiency of the service. This was obvious to the dullest mind, and its inclusion would have been, in the circumstances, mere boilerplate.
Probably the feaa would have been justified in refusing to consider the more lenient penalty awarded to Mr. Johnson, unless somehow it reflected more than mere unevenness in applying sanctions. Jones v. United States, 223 Ct. Cl. 138, 617 F.2d 233 (1980). If the feaa must go into and retry every other case resembling the one before it, a means has been found of assuring that no case will ever be finally decided. In asking for consideration of Johnson’s case, therefore, plaintiff asked for a gratuitous extension of the inquiry, which the feaa was at liberty to refuse. But it did consider that case, and determined that the two were *862 not similar for reasons we need not repeat. This was all and more than all the process due plaintiff in that area, but he moved to reopen the proofs for newly discovered evidence, not about his own case, but about Johnson’s. The feaa finally decided that enough was enough. We do not think it was irretrievably committed to view Johnson’s case as the deciding factor to be exhaustively examined at any cost to finality and simplicity of adjudication. For a reviewing court, at any rate, the issue is whether the "application of the sanction” is warranted at law, not whether it has been applied evenly or unevenly in every instance. Jones, supra.
Plaintiff further says that the agency refused to consider evidence that the supervisor, Mr. Sutton, harassed plaintiff and handed out to him disparate treatment. The feaa assumed without deciding that Sutton was "overly watchful over appellant and that he had harassed appellant in the past * * *.” This is apparently the evidence plaintiff refers to and to assume without deciding that it is true, is far from refusing to consider it. Plaintiff further says "the courts have further ruled that an obnoxious supervisor is a situation that should not be allowed to continue,” apparently meaning that physical violence against obnoxious supervisors is a form of self help the supervised can resort to. The authority given for this is Salter v. United States, 188 Ct. Cl. 524, 412 F.2d 874 (1969), an opinion by our late distinguished colleague, Judge Durfee. We are unable to find anything in it to warrant this strange construction. We read the feaa decision as giving due weight in mitigation to the possibility that the supervisor may have unwisely contributed to plaintiffs anger and hostility, and as holding that even so, the assault upon him could not be condoned. Such a position has the support of substantial evidence and is not arbitrary or capricious.
We have considered all other error alleged by plaintiff and do not consider it has enough substance to require discussion.
Accordingly, on consideration of the motions, the record, the briefs, and oral argument, plaintiffs motion for summary judgment is denied, defendant’s motion for summary judgment is granted, and the petition is dismissed.