237 F.Supp. 60 (1964)
Grant JENKINS, Plaintiff,
v.
John W. MACY, L. J. Andolsec, and Robert E. Hampton, constituting the United States Civil Service Commission and the Regional Personnel Officer, General Services Administration, Defendants.
No. 63 C 427(1).
United States District Court E. D. Missouri, E. D.
December 29, 1964.
Forrest Boecker, St. Louis, Mo., for plaintiff.
Richard D. FitzGibbon, Jr., U. S. Atty., Stephen H. Gilmore, Asst. U. S. Atty., St. Louis, Mo., for defendants.
HARPER, Chief Judge.
This is an action by a former employee of the United States General Services Administration against the members of the United States Civil Service Commission and the Regional Personnel Officer of the General Services Administration, seeking a review of the grounds for his dismissal, an order for his reinstatement in government employment, and an award of back pay from the date of his dismissal. The case is before the court on defendants' motion to dismiss or in the alternative for summary judgment, and on the plaintiff's motion for summary judgment.
*61 Attached to and incorporated as a part of defendants' motion is a certified copy of documents relating to the appeal of plaintiff to the United States Civil Service Commission (Exhibit A) and a certified copy of documents on Schedule of Enclosures entitled Grant Jenkins v. John W. Macy, et al. (Exhibit B).
An examination of Exhibits A and B disclose that the plaintiff, Grant Jenkins, first entered the Federal Service on January 1, 1945, but resigned June 5, 1945. He then reentered the service January 26, 1953, as a laborer, and remained until he was dismissed July 3, 1963, at which time he held the position of Custodial Laborer, WC-2, at $2.02 per hour, General Services Administration, Public Buildings Service, Buildings Management Division, St. Louis Group. Jenkins was removed from his position as a result of his "failure to demonstrate a conscientious effort to discharge personal obligations which has resulted in embarrassment to General Services Administration," by the action of the Regional Personnel Officer. His action followed prior efforts to remove Jenkins which were vacated May 16, 1963, because of procedural error. Jenkins was then given thirty days advance notice on May 27, 1963, of his proposed removal. On June 11, 1963, the Regional Personnel Officer advised Jenkins of the final decision to remove him from his position, which was followed on June 12th by the standard form of removal. Jenkins then appealed the final decision of removal, and a hearing was conducted August 7, 1963, before the Acting Appeals Examiner of the St. Louis U. S. Civil Service Region. The appellant was advised of his rights under the Civil Service Commission's Regulations and testimony of witnesses was taken under oath. On August 29, 1963, the Appeals Examiner sustained the action of the General Services Administration in removing Grant Jenkins.
In his memorandum of decision the Examiner found that Jenkins was given adequate notice of the action against him and that the procedural requirements of the statutes and Civil Service Commission Regulations had been met. The Examiner further held that the decision in the first removal action was cancelled because of a procedural error, but that action did not constitute a bar to a subsequent action and, therefore, the doctrine of res judicata is not applicable. In conclusion, the Examiner held: "The evidence of record supports the charge that Mr. Jenkins failed to live up to arrangements agreed upon for liquidating indebtedness. There is no evidence from which one could draw the conclusion that Mr. Jenkins made a conscientious effort to pay Al's Loan Service. Therefore, I conclude that the specification is based on fact and it supports the charge as stated, which is, therefore, sustained." Further: "Based on all the evidence in this case, we find the adverse action of the General Services Administration in removing the appellant from his position was not unreasonable, arbitrary, or capricious, but was for such cause as will promote the efficiency of the Service within the meaning of Part 22(B) of the Civil Service Commission's Regulations."
On August 28 1963, Jenkins appealed the decision of the Appeals Examiner of the Ninth Region sustaining the action of the General Services Administration to the Board of Appeals and Review. That Board found on October 18, 1963, that the dismissal was warranted and was sustained on the evidence of record and affirmed the decision of the St. Louis Regional Office. Plaintiff now brings this action pursuant to the provisions of Title 5 of the United States Code, §§ 652, 863 and 1009.
5 U.S.C.A. § 652(a) provides in part: "No person in the classified civil service of the United States shall be removed or suspended without pay therefrom except for such cause as will promote the efficiency of such service and for reasons given in writing."
There is a provision to the same effect in Section 863 under which plaintiff is protected as a veteran preference eligible under the Veterans' Preference Act of 1944. The specific cause of plaintiff's removal was his failure to handle his personal *62 financial affairs in a conscientious manner which resulted in embarrassment to the General Services Administration. Complaints were received about Jenkins' indebtedness from the Minute Service Bureau and Al's Loan Service, both in regard to his failure to make payment on accounts with these firms. Adequate warning was given Jenkins and attempts were made to assist him in paying off these debts, but Jenkins failed to carry through on these efforts. The past financial record of Jenkins was taken into account in making the final decision of removal. A total of 34 letters were received from ten different persons or concerns in regard to Jenkins' failure to pay his debts over a period from April 8, 1960, to January 25, 1963. The fact that plaintiff's dismissal for failure to pay his debts is such a "cause as will promote the efficiency of such service" is clearly established by Carter v. Forrestal, 85 U.S.App. D.C. 364, 175 F.2d 364, at page 366, where it was held that the lower court was correct in awarding defendant's motion for summary judgment, and the court said:
"* * * We believe that dismissal for wilful refusal or negligent failure to pay lawful debts without sufficient excuse or reason is clearly for a cause that will promote the efficiency of the service. Such a regulation is manifestly within the statutory authorization."
See also: McEachern v. United States, D.C., 212 F.Supp. 706, 707 (W.D.S.C. 1963); reversed in part, 321 F.2d 31 (4th Cir. 1963).
It has long been settled that the District Courts will perform no ministerial acts in the administration of government services nor are they supervisory bodies over the decisions arising from other branches of the government. It is only when someone has suffered an injury and has appealed to the courts for redress that the judiciary will act. This is particularly true where an action involved the exercise of discretion and judgment. Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774 (1900); Decatur v. Paulding, 14 Pet. 497, 239 U.S. 497, 515, 10 L.Ed. 559 (1840).
In 5 U.S.C.A. § 1009(a) it is stated that there is a right to judicial review to "any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute." However, in this review provided for, the courts have refused to expand upon the scope of review set out in 5 U.S.C.A. § 1009(e). As long as the administrative agency or the executive personnel had a sound basis for the decision made, and the decision was not arbitrary, capricious, or an abuse of discretion, and the requirements of the applicable statutes and regulations were met, then the courts will not substitute their own decision for the one already made. Levine v. Farley, 70 App. D.C. 381, 107 F.2d 186; Hargett v. Summerfield, 100 U.S.App.D.C. 85, 243 F.2d 29; Eustace v. Day, 114 U.S.App.D.C. 242, 314 F.2d 247.
The court concludes from the record before the court that the defendants' determination that the plaintiff's discharge would promote the efficiency of the service is supported by adequate evidence that said decision was not arbitrary, capricious, or an abuse of discretion, and that the defendants substantially complied with the applicable statutes and regulations in arriving at their determination. The defendants' motion to dismiss and the plaintiff's motion for summary judgment are overruled and the defendants' motion for summary judgment should be and hereby is sustained.
The clerk will prepare and enter the proper order to that effect.