On writ of certiorari to review the action of the United States Court of Claims, 174 Ct. Cl. 492, 356 F. 2d 525, holding that plaintiff, a former probationary employee of the Department of the Navy dismissed on the ground that she had deliberately falsified her Form 85 “Security Investigation Data for Non-sensitive Position” papers 'by denying membership in any organization other than religious or political, was given a proper proposed dismissal notice sufficiently specific in detail to enable her to understand the reasons for her dismissal, to join issue therewith, and, if possible, to rebut the charges, all as required by applicable departmental regulations, and entering judgment dismissing plaintiff’s petition for back pay, the Supreme Court on October 10,1966, granted certiorari and vacated the judgment of the Court of Claims, remanding the case to the court for further proceedings, 385 U.S. 4. This action of the Supreme Court was taken in the light of the suggestion of the Solicitor General of the United States and upon examination of the papers filed in the case. After reviewing the facts of the case and the majority and dissenting opinions rende, ed in the Court of Claims, 174 Ct. Cl. 492, the Solicitor General stated that while the United States had argued in the Court of Claims that the information given to plaintiff afforded her an adequate basis for rebuttal of the charge against her, the Department of Justice *1108 did not disagree with Judge Davis’ view expressed in his dissenting opinion, 174 Ot. Cl. at 500 et seq., that the additional documentary evidence not given to plaintiff and upon which the charge was actually based, should have been made available to her in order to remove any doubt as to her ability to meet the charges against her with more specificity than the submission of a general denial which was the only response she could make on the basis of the information given her, and that the petitioner had properly stated and preserved this objection. The Solicitor General then acknowledged that the petitioner’s separation from her employment was invalidly consummated and suggested that her petition for a writ of certiorari be granted, that the judgment of the Court of Claims be vacated, and the case remanded to the court for further proceedings. On November 28, 1966, the court entered an order vacating and withdrawing the judgment of dismissal of February 18, 1966, and remanding the case to the trial commissioner to determine the amount of recovery to which the plaintiff might be entitled pursuant to the opinion and remand of the Supreme Court entered October 10, 1966. On May 15, 1967, the court entered judgment for plaintiff in the amount of $14,000.