**Lewis W. WEST, Plaintiff,**

**v.**

**John W. MACY, Jr., L. J. Andolsek, Robert E. Hampton, Hammond B. Smith, W. J. Bookholt, and A. J. Schaffer, and the United States of America, Defendants.**

Civ. A. No. 3971.

United States District Court
S. D. Mississippi,
Jackson Division.

March 28, 1968.

Thomas W. Crockett, Overstreet, Kuykendall, Perry & Crockett, Jackson, Miss., for plaintiff.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., for defendants.

## OPINION

DAN M. RUSSELL, Jr., District Judge.

Plaintiff, Lewis W. West of Jackson, Mississippi, brought this action against members of the United States Civil Service Commission of Washington, D. C. and Atlanta, Georgia; the Regional Commissioner of Internal Revenue Service at Atlanta; and the Director of the Personnel Division of Internal Revenue Service, Washington, seeking reinstatement to his civil service employment and the recovery of back pay from the date of his dismissal.

His suit is founded on 5 U.S.C., Section 652, now Section 7501, which provided in part as follows:

"No person in the classified civil service of the United States shall be removed therefrom except from such cause as will promote the efficiency of the service. * * * "

Plaintiff claims his removal was not to promote the efficiency of the service but resulted from the arbitrary, capricious and unreasonable actions of his superiors.

Prior to his dismissal, plaintiff was an employee for more than 30 years of the Alcohol and Tobacco Tax Division of the Internal Revenue Service. He served as

supervisor for the district of South Carolina from 1946 through 1955, and, upon his transfer, held the same classification in Mississippi until 1964, never failing to receive a satisfactory efficiency rating.

On March 4, 1964, he received a notice of proposed action to remove him from service for failure to provide essential leadership. This charge was based on eleven specifications, some containing multiple parts, each outlining an instance wherein plaintiff was alleged to have been inefficient. Plaintiff responded both orally and in writing. On May 8, 1964, the Regional Commissioner of Internal Revenue Service notified West of his termination, effective May 14, 1964, and advised him of his right to appeal and to have a hearing before the agency. Following such a hearing in August 1964, the hearing officer issued his report of findings, and on November 30, 1964 the Director of the Personnel Division, Internal Revenue Service, issued his decision, adopting the hearing officer's report and confirming the dismissal. Plaintiff was advised of his right to appeal to the Civil Service Commission. At a hearing before this commission in March 1965, plaintiff appeared for himself and by counsel. His dismissal was affirmed and an appeal was denied by the commission's Board of Appeals and Review. By letter of December 17, 1965, plaintiff's request for a reopening of his case was denied.

It is conceded that plaintiff has progressively exhausted the available administrative procedures. This suit seeks a judicial review of these administrative determinations, and both plaintiff and defendants have filed motions for summary judgment, thereby conceding there is no dispute as to any material fact.

■ The scope of the judicial review is limited. In an early case, Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774, it was held that the courts could not review the soundness or propriety of the exercise of the department head's discretion. Numerous subsequent cases have held that the judicial review of dismissal from federal employment, a matter of executive agency discretion, is limited to a determination of whether the required administrative steps have been substantially complied with. In other words, the court's function is to find whether or not procedures for removal were followed, and the court may not review the merits of removal. Seebach v. Cullen, 9 Cir., 338 F.2d 663, cert. denied, 380 U.S. 972, 85 S.Ct. 1331, 14 L.Ed.2d 268; Capolino v. Kelly, D.C., 236 F.Supp. 955; Chiriaco v. United States, 5 Cir., 339 F.2d 588; Sudduth v. Macy, 119 U.S.App.D.C. 280, 341 F.2d 413; Fass v. Ruegg, D.C., 244 F.Supp. 382; Brown v. Zuckert, 7 Cir., 349 F.2d 461, cert. denied, 382 U.S. 998, 86 S.Ct. 588, 15 L.Ed.2d 486; Bennett v. United States, 356 F.2d 525, 174 Ct.Cl. 492; and Kessler v. General Services Administration, D.C., 252 F.Supp. 629, aff. 2 Cir., 341 F.2d 275.

■ Some few cases have broadened the scope of review to include a judicial determination as to whether the administrative findings were capricious, arbitrary or unreasonable, or whether such findings were supported by the record. Dabney v. Freeman, 123 U.S.App.D.C. 166, 358 F.2d 533; Foster v. Laroque, D.C., 246 F.Supp. 911; and Jenkins v. Macy, D.C., 237 F.Supp. 60. All the records of plaintiff's agency hearings, consisting of three copious volumes, were made a part of this record, and were carefully reviewed by this court. To quote from Studemeyer v. Macy, 116 U.S. App.D.C. 120, 321 F.2d 386, cert. denied, 375 U.S. 934, 84 S.Ct. 337, 11 L.Ed.2d 265:

> "There may be ground for reasonable differences of opinion as to whether the cause for which the personnel action was taken was grave enough to warrant depriving appellant of his position, but the court is not warranted in substituting a different judgment of its own for that of appellant's superiors, whose action has been sustained by the Civil Service Commission and the District Court."

Although plaintiff contends the charges against him were trivial and insufficient to justify his discharge, there was evidence to support a majority of the eleven specifications, and this court, under the cases cited above, cannot disturb the final administrative decision. Even though dismissal seems a severe penalty, as to what constitutes ineffective leadership of a supervisory employee in this particular agency, is a matter best determined by the appropriate officers therein.

Defendant's motion for summary judgment is accordingly granted, and an order may be so submitted.