**Robert MANN, Plaintiff-Appellant,**

**v.**

**Elmer T. KLASSEN, Postmaster General of the United States and George W. Camp, etc., et al., Defendants-Appellees.**

No. 73–1474

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 11, 1973.

Rehearing and Rehearing En Banc Denied Aug. 8, 1973.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

David A. Webster, Atlanta, Ga., for plaintiff-appellant.

John W. Stokes, Jr., U. S. Atty., Beverly B. Bates, Charney K. Berger, Asst. U. S. Attys., Atlanta, Ga., for defendants-appellees.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

In this case, the appellant Robert Mann was discharged from his job as a postal employee in Atlanta, Georgia. After unsuccessfully trying to reverse the discharge decision through the administrative review procedures available to him, he sought judicial relief in federal district court, including reinstatement and backpay. Mann's basic contention was that the administrative procedures employed in reviewing his claim of wrongful discharge violated both his statutory and constitutional due process rights. The district court granted summary judgment in favor of the defendants-appellees. We have carefully reviewed the briefs and record in this case and are convinced that the district court correctly disposed of this case. A copy of the district court order is attached hereto as Appendix A.

Judgment affirmed.

## APPENDIX A

United States District Court Northern
District of Georgia Atlanta Division

Robert Mann

versus    C.A. No.
16,005

Elmer T. Klassen, et al

Filed: Nov. 16, 1972

## ORDER

In this suit for the alleged wrongful discharge of the plaintiff by the Post Office Department, the defendants have filed a motion to dismiss or in the alternative, a motion for summary judgment.

The plaintiff, a former postal employee, brings this suit for "reinstatement and back pay". By letter dated November 14, 1969, the defendant, George W. Camp, Postmaster of the Atlanta Post Office Division of the United States Post Office Department, notified the plaintiff of proposed adverse action resulting from an investigative report indicating that he (plaintiff) had threatened the life of his supervisor. The postmaster found the charge to be supported by substantial evidence and warranted disciplinary action, namely, the plaintiff's dismissal from the postal service.

The plaintiff appealed and the matter was heard by a hearing officer appointed for that purpose. The hearing officer found that the plaintiff did not make the alleged threat and that the adverse action of the postmaster was unwarranted. Pursuant to Article X–G5b of the 1968 National Agreement, the postmaster objected to the hearing officer's findings and the Acting Regional Director reviewed the evidence and finding of facts, concluding that the removal action was warranted and supported by the record.

The plaintiff then appealed to the Post Office Board of Appeals [1968 National Agreement, Article X(H)] and finally, to the Civil Service Board of Appeals. Both of these boards upheld the Acting Regional Director and found that the dismissal was warranted. During the time of the Post Office Board of Appeals action, the plaintiff also instituted an equal employment opportunity complaint, alleging racial discrimination in his removal. This charge was reviewed by the Post Office's Director of Equal Employment Opportunity, who found no evidence that race was a factor considered in the Regional Director's decision or in the postmaster's recommendation of dismissal.

It is clear that the district court does not have the authority to review the facts of the plaintiff's dismissal, except to inquire as to whether the administrative proceedings, which resulted in his discharge, conformed to the requirements of administrative due process. Vitarelli v. Seaton, 359 U.S. 535, 79 S. Ct. 968, 3 L.Ed.2d 1012 (1959); Charles v. Blount, 430 F.2d 665 (7th Cir. 1970), cert. den. 401 U.S. 909, 91 S.Ct. 870, 27 L.Ed.2d 807; Toohey v. Nitze, 429 F.2d 1332 (9th Cir. 1970); McGhee v. Johnson, 420 F.2d 445 (10th Cir. 1969); West v. Macy, 284 F.Supp. 105 (S.D. Miss.1968) and authorities cited therein.

The plaintiff contends he was not afforded administrative due process in the review by the Regional Director. The provision for review by the Regional Director at thr request of either party does not contemplate a full blown hearing at this level but merely a review of the hearing officer's findings; see, 1968 National Agreement X5b; X7. There is no requirement for notice, briefs or other additional appellate procedure at this level because it is only a review of the record below upon the filing of an objection.

The defendants submit an affidavit of the Regional Director who reviewed the hearing of the plaintiff. The affidavit states that only the administrative hearing record was used to review the case as set forth in the 1968 National Agreement. No additional evidence was introduced as the plaintiff claims. The plaintiff merely alleges that "[o]n information and belief of the plaintiff, the Post Office Department did submit to the Regional Office of the Post Office Department further argument and possibly documents purporting to substantiate the claims of the Post Office Department". Such an allegation is not persuasive in light of the affidavit of the Regional Director and the fact that plaintiff's file is an "open record" (Federal Personnel Manual Part 771, Subchapter 1, § 10). Furthermore, the plaintiff appealed with no mention or claim of procedural errors, to either the Post Office Board of Appeals or the Civil Service Board of Appeals, both of which upheld the Regional Director. Bare allegations and conclusions do not establish a denial of due process or arbitrary action. Gadsden v. United States, 100 F.Supp. 455, 199 Ct.Cl. 86 (1951), cert. den. 342 U.S. 856, 72 S.Ct. 83, 96 L.Ed. 645; Watson v. Pace, 101 F.Supp. 477, aff'd, 201 F.2d 713 (D.C.Cir. 1953). The plaintiff received proper notice of all proceedings required by administrative due process and had access at all times to his file. He has not established his allegation that extra evidence was relied upon to uphold his dismissal.

The argument of the plaintiff that he relied, to his detriment, upon statements of postal officials that they would accept the findings of the hearing officer is wholly without merit. The only mention of assurance is made in letters to and from the office of Congressman Fletcher Thompson. Clearly, the congressman had no power to bind the Postal Department by his assurances.

Finally, the plaintiff alleges that he had no opportunity to see his appeal record after the decision of the Acting Regional Director and before his appeal to Board of Appeals and Review. From the record it is apparent that this alleged deprivation was not brought to the attention of the Board. This court is not the proper forum in which to raise this alleged procedural error for the first time. Instead, the plaintiff must pursue his administrative remedy to finality before resorting to the courts for relief of procedural irregularities. Charles v. Blount, supra; Davis v. Nelson, 329 F.2d 840, 847 (9th Cir. 1964).

Therefore, for the foregoing reasons, the defendants' motion to dismiss or, in the alternative, for summary judgment is hereby granted.

So ordered this the 15 day of November, 1972.

/s/ ALBERT J. HENDERSON, JR.
Judge, United States District Court for the Northern District of Georgia