Laymon Wesley ALSBURY,
Plaintiff-Appellant,

v.

The UNITED STATES POSTAL SERVICE et al., Defendants-Appellees.

No. 75–2138.

United States Court of Appeals,
Ninth Circuit.

March 1, 1976.

---

John M. Sink (argued), Santa Barbara, Cal., for plaintiff-appellant.

Barry J. Trilling, Asst. U. S. Atty. (argued), Los Angeles, Cal., for defendants-appellees.

## OPINION

Before GOODWIN and SNEED, Circuit Judges, and JAMESON,* District Judge.

SNEED, Circuit Judge:

Plaintiff-appellant was suspended and subsequently discharged from his position with the United States Postal Service. After the Regional Postmaster General and Assistant Postmaster General affirmed the suspension and discharge, appellant filed suit in the District Court, seeking reinstatement, back pay, and other appropriate relief. Summary judgment was granted in favor of defendants-appellees. We affirm.

A brief discussion of facts is helpful in understanding appellant's arguments on appeal. Appellant removed several items of postal property from the Mojave, California Post Office when his employment was transferred from that office to the Santa Barbara Post Office. He was subsequently charged with theft of postal property, a violation of 18 U.S.C. § 1707. Appellant was then suspended from employment, effective September 22, 1973, by the Officer-in-Charge of the Santa Barbara Post Office. The suspension was in compliance with Postal Service regulations allowing immediate suspension of an employee when there is reasonable cause to believe he is guilty of a crime for which imprisonment will result.[1] Appellant was subsequently discharged from employment, effective November 16, 1973, by the Officer-in-Charge. Appellant filed admin-

---

* Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

1. Postal Service Manual § 444.221e.

istrative appeals from the suspension and discharge decisions.

As a result of a jury trial held on December 19–20, 1973, appellant was acquitted of the criminal charges against him. Appellant's appeals to postal authorities were consolidated, and an evidentiary hearing was held on January 3–4, 1974. The Hearing Officer prepared findings of fact and recommendations, and forwarded these items to the Regional Postmaster General of the Western Region. The Regional Postmaster General, on March 25, 1974, affirmed the Hearing Officer's findings and upheld appellant's suspension and removal. Appellant appealed this decision, and the suspension and discharge were again affirmed by the Assistant Postmaster General on May 10, 1974. Appellant then sought judicial review of his dismissal.

■■■■ We previously have held that judicial review of dismissal from federal employment is limited to a determination that the applicable procedures have been complied with and that the dismissal was supported by substantial evidence and was not arbitrary and capricious.

*Taylor v. United States Civil Service Commission,* 374 F.2d 466 (9th Cir. 1967); *Seebach v. Cullen,* 338 F.2d 663 (9th Cir. 1964). These limits are applicable to our review of a discharge from the Postal Service. *See Vigil v. Post Office Department of the United States,* 406 F.2d 921 (10th Cir. 1969). No contention has been made that transformation of the Department to the Postal Service alters these limits.[2]

■■■■ Appellant directs most of his fire towards the alleged failure of the Postal Service to comply with proper procedures in effectuating his suspension and discharge. He also contends that the decisions to suspend and subsequently to discharge were improper because they were made by a person so involved in the case as to be incapable of impartiality. We believe these contentions are foreclosed by *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15, *reh. den.,* 417 U.S. 977, 94 S.Ct. 3187, 41 L.Ed.2d 1148 (1974), which held procedures similar to those employed here not violative of a federal employee's due process rights.[3] The Supreme Court ex-

**2.** Although the issue was not specifically argued on appeal, we note that the abolition of the Post Office Department and the creation of the Postal Service apparently did not alter the legal standards under which discharge proceedings are to be evaluated. 39 U.S.C. § 1005(a)(1) provides that:

"Except as otherwise provided in this subsection, the provisions of chapter 75 of title 5 [5 U.S.C. §§ 7501–7533] shall apply to officers and employees of the Postal Service except to the extent of any [discrepancy] with—(A) the provisions of any collective-bargaining agreement negotiated on behalf of and applicable to them; or (B) procedures established by the Postal Service and approved by the Civil Service Commission."

The standards for discharge and the existing case law associated with 5 U.S.C. § 7501 thus form an appropriate basis upon which this case may be decided. 5 U.S.C. § 7501 provides in part that discharge may be "for such cause as will promote the efficiency of the service."

**3.** The Postal Service regulations found in Part 444 of the Postal Service Manual provide that an employee shall receive 30 days' notice of any adverse action against him, along with instructions for responding to the notice. (Postal Service Manual § 444.221a; similar Civil Service regulation found at 5 CFR § 752.-

202(a) and cited in *Arnett v. Kennedy,* 416 U.S. 134, 143, n. 9, 94 S.Ct. 1633, 1639, 40 L.Ed.2d 15, 27). The notice period may be reduced to no less than 24 hours when there is reasonable cause to believe that an employee may be guilty of a crime for which imprisonment may result. (§ 444.221e) The employee may respond to the notice of adverse action either orally or in writing. (§ 444.221b; *compare* 5 CFR § 752.202(b) cited in *Arnett* at p. 143, n. 10, 94 S.Ct. at 1639, 40 L.Ed.2d at 27). The decision on the adverse action must include the reasons therefor and must notify the employee of his right to appeal. (§ 444.221c; *compare* 5 CFR § 752.202(f) cited in *Arnett* at p. 144, n. 11, 94 S.Ct. at 1639, 40 L.Ed.2d at 27).

The employee may appeal an adverse decision by submitting a request for an evidentiary hearing to the "Step I Official" (in this case, the Regional Postmaster General) within 15 days after an adverse decision becomes effective. (§ 444.241a(1); *compare* 5 CFR § 752.-203 cited in *Arnett* at p. 145, n. 13, 94 S.Ct. at 1640, 40 L.Ed.2d at 28). The hearing is to be conducted by a Hearing Officer who must prepare a summary, findings of fact, and an analysis, which are to be forwarded to the Step I official for final decision. (§ 444.241a(3); *compare* 5 CFR § 772.305(c) cited in *Arnett* at pp. 147–48, n. 14, 94 S.Ct. at 1640, 40 L.Ed.2d

pressly held that a pre-dismissal trial-type hearing was not constitutionally required. Nor did it suggest that suspension or discharge when done by one familiar with the employee's work was constitutionally flawed. There is no escape from the conclusion that the procedures about which the appellant now complains, authorized as they were by the Postal Service Manual, do not deprive the appellant of his constitutional rights.

■ Appellant's contention that the decisions resulting from his administrative appeals were so delayed as to deprive him of due process fares no better. *See Pauley v. United States,* 419 F.2d 1061, 1067 (7th Cir. 1969); *Cohen v. United States,* 369 F.2d 976, 988, 177 Ct.Cl. 599, *cert. denied,* 387 U.S. 917, 87 S.Ct. 2029, 18 L.Ed.2d 969 (1966). Delays attending administrative appeals of the type involved here are irritating and, if extended unreasonably, can amount to a deprivation of constitutional due process. The delay here falls considerably short of that mark.

■ To support the assertion that the discharge was arbitrary and capricious the appellant points to his acquittal in the prosecution for theft of postal property and contends that it precludes a dismissal based on misappropriation of property, the theft of which was not proven in the criminal proceedings. More precisely, the appellant argues that the Postal Service is collaterally estopped "to relitigate" the issue through suspension and discharge procedures. The argument fails. While perhaps it can be said that the parties to the criminal trial and the suspension and discharge proceeding are the same (although the Postal Service and the United States are not precisely identical), it is obvious that the issue determined in the criminal trial was different from that decided in the discharge proceeding and that the burden of proof in the two was different. The issue in the criminal trial was whether the defendant was guilty of theft of postal property; that in the discharge proceeding was whether certain property had been unlawfully removed from the custody of the Postal Service. In the criminal trial the Government must prove its case beyond a reasonable doubt, while in a discharge proceeding proof based on a preponderance of the evidence is sufficient. These distinctions have been recognized by other courts when confronted by a contention such as the appellant makes. *See Kowal v. United States,* 412 F.2d 867, 870, 188 Ct.Cl. 631 (1969); *Finfer v. Caplin,* 344 F.2d 38, 41 (2d Cir.), *cert. denied,* 382 U.S. 883, 86 S.Ct. 177, 15 L.Ed.2d 124 (1965). Acquittal thus does not make the dismissal arbitrary. To hold otherwise would impose a barrier to Postal Service improvement which properly should function only to prevent a deprivation of liberty. *Cf. Croghan v. United States,* 89 F.Supp. 1002, 1004, 116 Ct.Cl. 577, *cert. denied,* 340 U.S. 854, 71 S.Ct. 71, 95 L.Ed. 626 (1950).

■ The last contention of the appellant which merits attention is that the granting by the district court of summary judgment on behalf of the Postal Service prevented him from developing his case through discovery and particularly from deposing the Regional Postmaster who *may* have improperly considered *ex parte* evidence in reaching his conclusions. A mere suspicion that improper evidence was considered, contradicted by an affidavit of the Regional Postmaster (which was considered by the district court and is a part of the record of this case) does not constitute "a genuine issue of material fact" which serves

at 28). Within 15 days of an adverse Step I decision, an employee may appeal to the Postmaster General (Step II). (§ 441.241b)

The above specifications for notice, hearing procedure, and appeals procedure are substantially the same as those set forth by the Civil Service Commission and approved in *Arnett.* The *Arnett* regulations also provided specifically that an employee has no right to a formal evidentiary hearing before the initial decision on an adverse action. (5 CFR § 752.202(b); *see Arnett,* pp. 143–44, n. 10, 94 S.Ct. at 1639, 40 L.Ed.2d at 27). Although the regulations as described in *Arnett* did not provide for a reduced notice period upon reasonable suspicion of criminal activity, we do not find that variation from the *Arnett* regulations to be substantial or unreasonable.

to defeat a motion for summary judgment. Fed.R.Civ.P. 56(c). *See Mann v. Klassen,* 480 F.2d 159, 161 (5th Cir. 1973); *DeLong v. Hampton,* 422 F.2d 21, 26 (3rd Cir. 1970).

These conclusions and our review of the record convince us that the appellant's dismissal was supported by substantial evidence and thus was neither arbitrary nor capricious. Moreover, the applicable procedures were complied with and are not contrary to the Fifth Amendment. The judgment of the District Court is affirmed.

AFFIRMED.