Katherine JAMMER, Appellant,

v.

UNITED STATES of America et al., Appellee.

No. 77–1835.

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1978.

Decided March 13, 1978.

Margaret Bush Wilson, St. Louis, Mo. and Stephen C. Banton, Clayton, Mo., for appellant.

Robert D. Kingsland, U. S. Atty. and Jean C. Hamilton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This action was brought by Katherine Jammer for a writ of mandamus granting her declaratory relief, reinstatement in her job, and backpay with interest. Jammer was employed as a licensed practical nurse at the Veterans Administration Hospital, Jefferson Barracks Division, in St. Louis, Missouri, but was fired on July 14, 1976, for disciplinary reasons.[1]

---

1. Jammer was cited for using "insulting, abusive, and obscene language about other VA personnel," which is proscribed by 38 C.F.R. § 0.735–20(b) (1976):

   An employee shall live up to common standards of acceptable work behavior. The following are considered improper: * * * use of insulting, abusive, or obscene language to or about other personnel, patients, or beneficiaries * * *.

   She was removed from her job under authority of 5 U.S.C. § 7501 (1970), which permits firing of Civil Service employees "for such cause as will promote the efficiency of the service." In a letter dated June 7, 1976, the Chief of Nursing Services at the hospital explained the basis for the decision:

   On April 22, 1976 you were present at a staff meeting held on 50S1. During this meeting you used insulting and obscene language about Mrs. * * *, R.N., and Mr. * * *, N.A. You stated, "A year ago I saw Mrs. * * * doing oral sex on * * *. I believe they are still doing the same thing. Why else would there be two pillows and a blanket on the treatment table every morning. We certainly don't use them like that on the day shift." You also stated that one weekend at the change of tour at 7:30 a. m., Mrs. * * * delayed giving the medication key to you because "she was sitting there with her feet up [his] ass."

The scope of Jammer's challenge to her dismissal is quite narrow. She does not claim that she was fired for a constitutionally impermissible reason, *i. e.,* that her speech was protected by the first amendment, nor does she quarrel with the procedure used to remove her. Her only contention is that the agency decision was not supported by substantial evidence and was arbitrary and capricious.

The district court granted summary judgment to the Government after reviewing the record compiled in Jammer's administrative appeal of her firing. It held that substantial noncontroverted evidence supported the decision to dismiss Jammer. After reviewing the briefs and record, we are convinced that the district court's decision was correct and affirm on the basis of its opinion.[2]

---

**2.** *Jammer v. United States,* 438 F.Supp. 1087 (E.D.Mo.1977).