Merwin I. SPRAGG

v.

Alan K. CAMPBELL, Chairman, United States Civil Service Commission, Jule M. Sugarman and Earsa H. Poston, Members, United States Civil Service Commission, Brock Adams, Secretary, United States Department of Transportation, Langhorn Bond, Administrator, Federal Aviation Administration, Robert R. Medina, Sector Manager, Federal Aviation Administration.

No. CIV78–5030.

United States District Court,
D. South Dakota.

Feb. 12, 1979.

George A. Bangs, Rapid City, S. D., for plaintiff.

Robert D. Hiaring, U. S. Atty., Sioux Falls, S. D., for defendants.

## MEMORANDUM OPINION

BOGUE, District Judge.

Gentlemen:

Merwin I. Spragg seeks judicial review of his discharge from the Federal Aviation Administration (FAA). Mr. Spragg is an electrician employed by the FAA in Pierre, South Dakota. Plaintiff's removal was predicated on his action of driving a government vehicle while on duty under the influence of alcoholic beverages.

In July, 1976, Plaintiff informed his superiors that he had a drinking problem. Plaintiff realized his condition existed when one day he began drinking in the morning before work. Subsequently, Mr. Spragg went to Lovell, Wyoming, for treatment of his problem. Lovell, Wyoming, was Plaintiff's home town. He was treated by his family doctor. Following a ten-day period in the hospital in Lovell, Plaintiff returned to duty in Pierre.

When Plaintiff returned to Pierre, a discussion between Duane Lachelt, Regional Alcohol Program Coordinator, took place. Mr. Lachelt testified he gave Plaintiff certain references to contact in order to help him with his problem:

(1) Denis Olson, a recovered alcoholic;

(2) Richard L. Barta, with the South Dakota Department of Health, Division of Alcoholism;

(3) The River Park Treatment Center; and

(4) The Veterans Affairs Officer.

Mr. Lachelt also encouraged Plaintiff to contact him whenever he had any problems.

As time passed, FAA officials were concerned about Plaintiff's drinking problem. Plaintiff assured the officials he was doing fine and that he "had the problem licked."

On April 20, 1977, Plaintiff, having finished a morning assignment involving road grading and weed spraying, stopped the government truck he was driving at a motel bar and drank numerous alcoholic beverages, and by his own admission became "drunk." He left the bar, driving his government truck which pulled a trailer on which a small tractor sat. After driving several miles on state highway 14, in a manner which witnesses described as "weaving", became stuck in a ditch and had to be towed back to the highway. Later Plaintiff became involved in an accident in which his vehicle left the roadway and the trailer carrying the tractor overturned. Both trailer and tractor were damaged. Plaintiff was not injured but was placed under arrest and given a ticket for "driving while under the influence." Plaintiff's blood was sampled and analyzed by state chemist D. J. Mitchell who concluded that the alcohol content in the blood was .29

percent by weight. Plaintiff was charged with violation of South Dakota Codified Laws (S.D.C.L.) § 32–23–1, which prohibits driving any vehicle when there is .10 percent or more alcohol in one's blood. Plaintiff pleaded guilty to the offense. He was fined $225 and sentenced to thirty days in jail. The jail term was suspended.

It was suggested on June 22, 1977, that Plaintiff be removed from his position. Plaintiff's counsel responded, arguing the agency had failed to comply with its responsibilities under the Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment and Rehabilitation Act of 1970, 42 U.S.C. § 4561. On July 22, 1977, Plaintiff and counsel met with William A. Hankins, Chief of Airway Facilities Division. Mr. Hankins, in a letter dated August 1, 1977, decided to remove the Plaintiff, effective August 12, 1977. On August 24, 1977, Plaintiff appealed his removal to the Denver field office of the Federal Employees' Appeals Authority (FEAA). On December 14, 1977, Ms. Gail E. Skaggs, Assistant Appeals Officer, conducted an appellate hearing at which seven persons, including the Plaintiff, testified. The witnesses were subjected to cross examination. In a decision dated March 20, 1978, the FEAA affirmed Plaintiff's removal.

■ The scope of the Court's review in actions of this type is limited to the administrative record developed in the administrative proceedings. The standard to be utilized in reviewing the record is also narrow. The rule in this circuit is clearly expressed in *Jammer v. United States,* 438 F.Supp. 1087, 1088 (E.D.Mo.1977), *affirmed on basis of district court opinion,* 571 F.2d 439 (8th Cir. 1978). The district court said:

> The scope of judicial review in this type of action is limited to whether the applicable procedures have been followed, and to whether the agency removal decision is supported by substantial evidence and is not arbitrary and capricious. *Alsbury v. United States Postal Service,* 530 F.2d 852, 854 (9th Cir. 1976); *Gueory v. Hamp-*

*ton,* 167 U.S.App.D.C. 1, 5, 510 F.2d 1222, 1225 (1974). No *de novo* hearing is held. Rather, the case is submitted upon the agency record which the United States has filed in support of its motion for summary judgment. *Polcover v. Secretary of Treasury,* 155 U.S.App.D.C. 338, 341, 477 F.2d 1223, 1226 (1973), *cert. denied,* 414 U.S. 1001, 94 S.Ct. 356, 38 L.Ed.2d 237 (1973).

Plaintiff does not claim any procedural irregularity. Therefore, the issue before this Court is whether the agency removal decision is supported by substantial evidence and is not arbitrary and capricious.

■ Plaintiff argues his removal was unjustified because the Defendants did not adhere to the requirements of 42 U.S.C. § 4561. The statute provides in pertinent part:

> (c)(1) No person may be denied or deprived of Federal civilian employment or a Federal professional or other license or right solely on the ground of prior alcohol abuse or prior alcoholism.
>
> (d) This subchapter shall not be construed to prohibit the dismissal from employment of a Federal civilian employee who cannot properly function in his employment.

A close reading of the statute indicates Congress' intent. The alcohol abuse statutes are not intended to completely insulate an employee from discipline for alcoholic abuse. The government is prohibited from removing an employee from Civil Service *solely* because of alcohol abuse. In this instance, the agency did not remove Mr. Spragg solely for his abuse of alcohol. Removal was a year after the agency was aware of his problem and had allowed Mr. Spragg sick leave to take care of the situation. His discharge was necessitated only after he was drinking while on duty, damaged government property, endangered people's health, and was convicted of driving while under the influence with a .29 percent alcohol content. Certainly, removal

of Mr. Spragg was not predicated *solely* on his alcohol abuse.

Plaintiff attempts to blame the agency, his doctor, and Regional Flight Surgeon Kowalski for his removal. The evidence indicates the agency not only gave Plaintiff time off for hospitalization, but also provided him with numerous references which Plaintiff could contact. The agency cannot force Plaintiff to contact references, go to AA meetings or indulge in any other rehabilitative service. Perhaps the agency should have done more to follow up on Plaintiff's condition than to inquire of his condition at various times, but there is no legal obligation to do so.

If the doctor in Lovell, Wyoming, was in error in prescribing valium, it is of little significance. The district court is not in a position to judge whether one procedure for reduction of alcohol abuse is better than another.

Regional Flight Surgeon Kowalski was also blamed by the Plaintiff. Kowalski did not believe AA was the only way to overcome alcoholism. Doctor Kowalski's opinion as to proper procedures does not relieve Plaintiff of his responsibilities.

Plaintiff places a great deal of weight on the case of *Doe v. Hampton,* 184 U.S.App. D.C. 373, 566 F.2d 265 (1977). Plaintiff contends the Court in *Doe v. Hampton, supra,* concluded that a federal employee's dismissal was unjustified because the employing agency had not utilized every reasonable effort to reassign her to other work before discharging her. This Court disagrees with that assessment of the *Doe* case. The Court of Appeals in the District of Columbia found that the administrative record indicated Plaintiff's medical problem did substantially and adversely affect her work performance and employment behavior. The Court found that the mental disability and alleged instances of disruptive behavior were supported by sufficient evidence. The Court of Appeals remanded the matter to the district court to determine whether *disability removal* provisions of the Federal Practice Manual, discussing the need to attempt to reassign employees prior to removing them, was mandatory or precatory. The Court further indicated that if the reassignment provisions were found to be mandatory, a further remand to the Commission would be necessary to determine whether the employing agency had sufficiently made the attempt. The District of Columbia Court did not conclude, as the Plaintiff indicates, that her dismissal was unjustified because the employing agency had not utilized every reasonable effort to reassign her to other work before discharging her. In the case at bar, Plaintiff was not removed for having a disability. He was not discharged for being alcoholic. He was removed because of the April 20, 1977, accident which indicated to the agency that Plaintiff was unable to properly perform the duties of his position.

It is unimportant whether this Court agrees with the agency's decision to release the Plaintiff. It is also unimportant whether the Court disagrees with the hearing officer's decision. This Court is sitting in an appellate capacity. The scope of review is very limited. This Court finds the agency's decision to remove Mr. Spragg was supported by substantial evidence. It further finds that such decision was not arbitrary and capricious. The decision of the Federal Employee Appeals Authority (FEAA) is therefore affirmed and summary judgment in favor of Defendant is granted.

The foregoing opinion shall constitute this Court's findings of fact and conclusions of law.