This pro se civilian pay case is before the court on the parties’ cross-motions for summary judgment. For the reasons set forth below, we grant defendant’s motion.
Plaintiff, a former employee of the Immigration and Naturalization Service (INS), contests his removal from the position of Supervisory Criminal Investigator, GS-12. He was removed from his position essentially on the grounds of unauthorized consumption of alcohol on Government property, reporting for duty under the influence of alcohol, inadequate performance and dereliction of duty as a supervisor, conduct unbecoming an officer, and non-compliance with agency standards, policies and regulations.
After unsuccessfully exhausting his administrative remedies before the Merit Systems Protection Board (MSPB), plaintiff timely filed suit in this court seeking reinstatement, back pay and all appropriate with-in grades and advances. He challenges the administrative actions denying his request for relief as being arbitrary, capricious, unsupported by substantial evidence, and otherwise legally incorrect. We do not agree.
Plaintiff alleges that the evidence did not warrant the removal action, and in any event, the Government erred since it should have proceeded through non-disciplinary procedures under which an employee is offered alcoholic counseling and rehabilitative treatment before removal.[1] He further alleges various procedural deficiencies in his removal from federal service.
Our scope of judicial review in federal employee cases is well defined. Judicial action is generally limited to reviewing the administrative action so as to determine (1) whether *685 there has been compliance with prescribed statutory and procedural requirements, and (2) whether the removal was arbitrary, capricious, or so grossly erroneous as to imply bad faith, or unsupported by substantial evidence. Power v. United States, 209 Ct.Cl. 126, 129-30, 531 F.2d 505, 507 (1976).
Plaintiff attacks the agency decision as lacking in supporting evidence.
The record before us is replete with evidence supporting the reasons which formed the basis for the removal action in this case. Plaintiff sets forth nothing more than naked denials to the misconduct charges alleged against him. Plaintiffs co-workers — those individuals who worked side-by-side with plaintiff both in the office and out in the field— testified to his excessive drinking on the job and his repeated nonfeasance. Moreover, plaintiff himself has conceded to drinking while on duty.
Next, plaintiff argues that INS violated the requirements of the Comprehensive Alcohol Abuse and Alcoholism Prevention and Rehabilitation Act of 1970 by failing to offer him counseling and rehabilitative treatment for his alleged alcoholism problem. 42 U.S.C. §4541, et. seq. (1976)[2]
The Act provides that an agency is required to offer assistance to a federal employee whose job deficiencies appear to be the result of an alcoholism problem. Therefore, the Government may not remove an employee solely because of alcohol abuse. However, Congress did not intend entirely to insulate an employee from discipline for alcohol abuse. Spragg v. Campbell, 466 F.Supp. 658 (D. South Dak. 1979). In the instant case, plaintiff was removed from his position, but not solely because of his alleged alcohol problem.
On more than one occasion, plaintiff was involved in the physical and mental abuse of apprehended alien suspects. *686 Such involvement ranged from the use of coercive interrogation[3] methods to instructing investigator trainees under his supervision to "try to break” undocumented aliens. Plaintiffs removal reflected the agency's concern for the integrity and efficiency of the service.
All other arguments raised by the parties, though not directly addressed by this order, have been examined and found to be without merit.[4]
Accordingly, it is therefore ordered, upon consideration of the parties’ submissions, but without oral argument, that defendant’s motion for summary judgment is granted, and plaintiffs motion for summary judgment is denied. Plaintiffs petition is dismissed.

 Although the legislative history and the Act suggest that counseling and rehabilitative treatment might be a correct course of action, it is not a sine qua non prior to removal when other grounds are added to alcoholism.

 42 U.S.C. §4561 provides in pertinent part:
(c)(1)No person may be denied or deprived of Federal civilian employment or a Federal professional or other license or right solely on the ground of prior alcohol abuse or prior alcoholism.
(d) This subchapter shall not be construed to prohibit the dismissal from employment of a Federal Civilian employee who cannot properly function in his employment.

 For example, requiring alien suspects to stand naked during interrogation.

 We find it unnecessary to address plaintiffs numerous allegations of procedural irregularities. Suffice it to say that the agency decision was made in accordance with the applicable regulations then in effect. 5 C.F.R. Part 752, Subpart B; INS Administrative Manual §2235 Chapter 3, Part 10, subparagraph 2.