**Robert W. BOOK, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 81–1665.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 8, 1982.

Decided March 18, 1982.

Robert B. Scism, R. Wayne Saubert, Scalise, Scism, Gentry, Brick & Brick, Des Moines, Iowa, for petitioner.

Kermit B. Anderson, U. S. Atty., S. D. Iowa, Des Moines, Iowa, Stephen E. Alpern, Associate Gen. Counsel, U. S. Postal Service, Washington, D. C., Gregg R. Sackrider, Senior Asst. Regional Labor Counsel, U. S. Postal Service, Chicago, Ill., for respondent.

Before LAY, Chief Judge, STEPHENSON, Circuit Judge, and OVERTON,* District Judge.

PER CURIAM.

Robert W. Book, formerly the postmaster of Shenandoah, Iowa, petitions this court pursuant to 5 U.S.C. § 7703(c) for review of a decision of the Merit Systems Protection Board (MSPB). The MSPB had sustained Book's dismissal from the postmaster position. On appeal Book asserts (1) that dismissal was an unconscionably harsh sanction that amounted to action that was arbitrary, capricious and an abuse of discretion by the agency; (2) that the dismissal was inconsistent with 5 U.S.C. § 7513(a); and (3) that he was not adequately represented in the hearing before the administrative agency. We affirm the agency's decision and sustain Book's dismissal.

The United States Postal Service removed Book from the position as postmaster based upon charges of unofficial use and unauthorized possession of Postal Service property. This action was in violation of Postal Service regulations.[1] The misappro-

---

* The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Postal Service's Employee and Labor Relations Manual provides at Section 661.5, in material part,

Other Prohibited Conduct

.52 *Unofficial Use of Government Property or Services*

No employee will use, directly or indirectly, or allow the use of Postal Service or govern-

priated property consisted of a number of Postal Service tools and supplies.[2] The dollar value of the tools and supplies is not clearly set out in the record. The petitioner suggests the total value was approximately $22.00. He arrived at this figure by adding sums set out in a twenty-count criminal information filed against Book.[3]

Book's dismissal was effective on August 4, 1980. He appealed to the MSPB and requested a hearing. An MSPB presiding official held a hearing on October 27. Book was represented by James Omachinski of the Postmaster Representation Committee. Omachinski is not an attorney. Eugene A. Leahy, who is an attorney, acted as Book's advisor at the hearing.

■ At the hearing, testimony was received from two postal inspectors, the district manager of the Nebraska Postal District (who was responsible for dismissing Book), the superintendent of postal operations at the Shenandoah post office and an attorney who had represented Book prior to his dismissal. Book did not testify. The presiding official informed Book that he was not obligated to testify but that his silence could affect the credibility of his argument.[4]

The presiding official found that the charges against Book were supported by a preponderance of the evidence. Thereafter the MSPB denied review and this appeal followed.

A panel of this court recently had occasion to consider the limited scope of review in an appeal of an MSPB decision.

We concern ourselves with federal employment relations only to the extent necessary to ascertain whether the administrative agency employed the proper procedures in reaching its removal decision and whether its decision is supported by substantial evidence and is not arbitrary, capricious, or unreasonable. *Jammer v. United States*, 438 F.Supp. 1087, 1088 (E.D.Mo.1977), *aff'd per curiam*, 571 F.2d 439 (8th Cir. 1978); *see Johnson v. United States*, 628 F.2d 187 (D.C.Cir.1980); *Phillips v. Bergland*, 586 F.2d 1007 (4th Cir. 1978); *Doe v. Hampton*, 566 F.2d 265 (D.C.Cir.1977).

*Glenn v. United States Department of Labor*, slip op. at 3, No. 81–1843 (8th Cir. Jan. 20, 1982) (footnote omitted). *See also* 5 U.S.C. § 7703(c). Further, the nature of a sanction imposed by an agency empowered to make such decisions is particularly within the discretion of that agency. *See Butz v. Glover Livestock Commission Co.*, 411 U.S. 182, 185–87, 93 S.Ct. 1455, 1457–58, 36 L.Ed.2d 142 (1973).

---

ment property or services, including property leased to the Postal Service or government agency, for other than officially approved activities. Employees have a positive duty to protect and conserve Postal Service property, including equipment, supplies, and other property entrusted or issued to them.
.53 *Unacceptable Conduct*
    No employee will engage in * * * dishonest, * * * or other conduct prejudicial to the Postal Service * * *.

**2.** Book specifically admitted taking "four sockets, one socket adapter, three rolls of electricians tape, a battery terminal puller, a pair of wire cutters, two screw drivers, a file, a can of antiseize, a box end wrench, an adjustable wrench, and a rotary wire brush." These and various other items were recovered as a result of searches of petitioner's residence by postal inspectors on May 9 and May 16, 1980.

**3.** The information was dismissed by the district attorney following the announcement sustaining Book's dismissal by the Merit Systems Protection Board presiding officer. Of course, the dismissal of the information has no effect on the dismissal proceedings. *See Alsbury v. United States Postal Service*, 530 F.2d 852, 855 (9th Cir. 1976).

**4.** The presiding official correctly stated the applicable principle. Although the silence of Book may be considered and thereby produce an adverse inference, the disciplinary action, whatever it may be, may not be based exclusively on the employee's failure to testify but it must be demonstrated by independent evidence that it is warranted. *See Baxter v. Palmigiano*, 425 U.S. 308, 317–19, 96 S.Ct. 1551, 1557–58, 47 L.Ed.2d 810 (1976); *Diebold v. Civil Service Comm'n of St. Louis*, 611 F.2d 697, 700–01 (8th Cir. 1979). It should be noted that in *Diebold*, as in the case at bar, criminal charges had been filed at the time of the administrative hearing. The rule was unaffected by this factor. *See Diebold v. Civil Service Comm'n of St. Louis*, *supra*, 611 F.2d at 701.

We cannot agree with the appellant that the agency's decision was an abuse of discretion. It cannot be disputed that Book misused postal property and that this action was a violation of postal regulations. The extent of his improper behavior is unclear. The district manager testified that he dismissed Book because Book occupied a position of trust as the postmaster of Shenandoah and that his actions had violated that trust. Although it appears that dismissal may have been a harsh sanction, we cannot say that it is arbitrary, capricious or an abuse of discretion.[5]

The second two issues raised by the appellant required little discussion. First, he claims that dismissal in this case does not "promote the efficiency of the service" as required by 5 U.S.C. § 7513(a). *See Young v. Hampton*, 568 F.2d 1253, 1258–64 (7th Cir. 1977). Such cases usually concern off-duty and/or off the work premises conduct. *See Young v. Hampton, supra*, 568 F.2d at 1260; *Wroblaski v. Hampton*, 528 F.2d 852 (7th Cir. 1976). In this case, Book's unofficial use and unauthorized possession of Postal Service property originated at the post office. Further, the cases considering section 7513(a) require a connection between the grounds for dismissal and a legitimate governmental interest. *See Doe v. Hampton, supra*, 566 F.2d at 272. It was not an abuse of discretion for the agency to determine that Book's demonstrated lack of trustworthiness is directly connected to his job performance and position as postmaster.

Secondly, Book maintains the case should be remanded so that he could testify in his own behalf. Our description of the circumstances, *supra*, demonstrates that Book's decision not to testify, although possibly unwise, was certainly voluntary. Similarly, his selection of representation was voluntary. It is clear that no violation of due process is engendered.

Affirmed.

5. We agree with the view expressed in *Glenn*. While this court, had it been acting in the agency's stead, may have imposed a penalty short of removal, we cannot say that in the circumstances of this case, the agency, given its special expertise in making employment decisions in its field of endeavor, acted unreasonably in removing appellant. *Glenn v. United States Dept. of Labor*, slip op. at 4, No. 81–1843 (8th Cir. Jan. 20, 1982).