982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Terry K. MARTIN, Appellant,
v.
Michael P.W. STONE, Appellee.
 No. 92-2035.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 29, 1992.
Filed: December 31, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Terry K. Martin, an African-American, appeals the district court's[1] order partially dismissing and partially granting summary judgment in favor of Michael P.W. Stone, Secretary of the United States Army. We affirm.
 
 
 2
 In his amended complaint, Martin alleged that he was discharged from his federal civilian position as a unit administrator for the Army in February 1990, and was transferred from his active drilling Reserve Unit to an active non-drilling Reserve Control Group in May 1990, due to his race.[2] Martin claimed he was entitled to relief under Title VII, 42 U.S.C.ss 2000e-2000e-16 (Count I); under the Fifth Amendment guarantee of equal protection (Count II); under the veteran's preference section of the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. §§ 7511-7514 (Count III); and for the intentional infliction of emotional distress (Count IV). Martin sought reinstatement, back pay, compensatory and punitive damages, attorney's fees, and costs. Martin had properly appealed his discharge to the Merit Systems Protection Board (MSPB) and the Equal Employment Opportunity Commission (EEOC). Both agencies denied his claims. He did not, however, appeal his transfer or discharge to the Army Board for the Correction of Military Records (ABCMR).
 
 
 3
 On the Army's motion, the district court dismissed Counts II and IV, as they related to Martin's discharge, because Title VII and CSRA provide the exclusive remedies. The court dismissed all four counts without prejudice as they related to Martin's transfer because he failed to exhaust his administrative remedies before the ABCMR. The court concluded that Martin established a prima facie case of race discrimination because he is a member of a protected class and he presented some evidence that he was capable of performing his job assignments. The court also concluded, however, that the Army set forth a legitimate nondiscriminatory justification for his dismissal, i.e., his poor work performance, and Martin failed to come forward with any evidence upon which a reasonable trier of fact could find that the Army's justification for dismissing him was pretextual. The court, therefore, granted the Army summary judgment on Count I. The court also granted the Army summary judgment on Count III because MSPB's decision to uphold Martin's discharge was "not arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence." Martin appeals the dismissal and grant of summary judgment on Counts I, III, and IV.[3]
 
 
 4
 We conclude Martin's appeal is without merit. Martin has no constitutional or statutory right to effective assistance of counsel in a civil case. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988). He has not shown that MSPB's actions, findings and conclusions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; ... or ... unsupported by substantial evidence." 5 U.S.C. § 7703. See Book v. United States Postal Serv., 675 F.2d 158, 161 n.5 (8th Cir. 1982) (per curiam). Finally, Martin failed to state a claim for intentional infliction of emotional distress while pursuing his administrative remedies; therefore, the district court properly dismissed this common-law tort claim. See Farmers State Sav. Bank v. Farmers Home Admin., 866 F.2d 276, 277 (8th Cir. 1989) (to satisfy 28 U.S.C. § 2675, administrative claim must provide sufficient information for agency to investigate claims, and amount of damages sought); Rise v. United States, 630 F.2d 1068, 1071 (5th Cir. 1980) (FTCA suit can only be based on facts and theories of liability considered part of administrative claim).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 Martin was honorably discharged from the Army Reserves in April 1991
 
 
 [3]
 Martin does not appeal on the merits the district court's grant of summary judgment on Count I. Martin argues only that he was denied effective assistance of counsel